MOBILE FRUIT & TRADING COMPANY v. EDWIN G. POTTER.

January 18, 1900.

Nos. 11,921—(159).

**Sale of Fruit to Undisclosed Purchaser—Exception to Charge of Jury.**

> In this action the plaintiff seeks to charge the defendant with the pur-
> chase price of a car load of fruit sold in transit by him as its agent to
> purchasers unknown to the plaintiff, who refused to accept the fruit on
> its being tendered to them on its arrival, and whose names the defend-
> ant refused to disclose to the plaintiff to the end that it might have
> recourse against them. It is *held*: (1) That the complaint states a cause
> of action. (2) That the trial court did not err in denying the defendant's
> motion to dismiss the action, or in refusing to instruct the jury to return
> a verdict for the defendant. (3) That it was not reversible error for the
> court to exclude certain offered evidence as to the grade of the fruit. (4)
> No exception lies to a failure of the trial court to instruct the jury on a
> given point, unless requested in writing so to do.

Action in the district court for Hennepin county to recover
$197.51 with interest, as the balance of the price of a car of bananas
sold by defendant on plaintiff's account. The case was tried before
Elliott, J., and a jury, which rendered a verdict in favor of plaintiff
for $209.02; and from a judgment entered pursuant to the verdict,
defendant appealed. Affirmed.

*Stiles & Stiles*, for appellant.

*Charles S. Cairns*, for respondent.

START, C. J.

The here material allegations of the complaint are, in effect,
these:

The plaintiff is engaged in the handling and shipping of bananas
at Mobile, Alabama, and the defendant is a jobber and broker for
the sale of fruit at Minneapolis. On June 30, 1898, the plaintiff
was the owner of a certain car load of bananas, consisting of 425
bunches, then in transit by rail from Mobile to some northern mar-
ket for sale. The plaintiff then employed defendant as its agent
to sell the bananas in transit at Minneapolis, the same to be deliv-
ered to purchasers as of the date of shipment free on board cars,

Mobile, Alabama. The defendant on that day sold the car of bananas, as such agent, to parties unknown to plaintiff, for and at the price of 80 cents per bunch, free on board of cars at Mobile, and for $340 in all, and so represented and reported to plaintiff on June 30; and by reason only of such report, and at defendant's request in that behalf, plaintiff diverted, shipped, and delivered the car of bananas to defendant for such purchasers, who wrongfully refused to accept the fruit upon the tender thereof by the defendant on its arrival in Minneapolis. The defendant reported this fact to the plaintiff by telegram, saying fruit was very ripe, and asking if he should handle to best possible advantage. The plaintiff, relying upon this report, wired the defendant to use judgment, and protect plaintiff's interest; that the purchasers should accept the fruit; that the car of bananas was not then ripe to any appreciable extent, and it was the duty of defendant to deliver the fruit to the purchasers on its arrival, and to insist on its acceptance by them, and to report to plaintiff to whom it had been sold. But the defendant failed and refused to so insist, and failed and refused to report to the plaintiff the names of such purchasers, whereby plaintiff might have recourse against them, notwithstanding the plaintiff did, on June 30, and at other times, request of defendant the names of such purchasers. The defendant then and there sold the fruit to such persons as he saw fit, and on July 15, 1898, paid to plaintiff, on account of such car of fruit, the sum of $142.49, and has failed and refused to pay plaintiff any other or further sum therefor, which sum was received by plaintiff as part payment by defendant for and on account of the car of bananas.

The answer denied the allegations of the complaint, and alleged as an affirmative defense that the car of bananas was consigned by the plaintiff to the defendant, to be sold by him as a commission merchant; that he received the fruit, and with due diligence, and in the usual course of business, sold the same upon the market to the best advantage, at the request of the plaintiff, and for its sole account and risk, for $319.40, the full market value thereof, and paid to the plaintiff the net proceeds of the sale. The reply put in issue the new matter set forth in the answer.

The trial court instructed the jury, in effect, that if they found that the defendant, as plaintiff's agent, actually sold the fruit when in transit to purchasers to the plaintiff unknown, and that when the car arrived the purchasers refused to accept the fruit, and the defendant refused on request to give the names of the purchasers to the plaintiff, he would become the principal in the purchase, and liable for the contract price of the fruit. No exception was taken to this instruction, and the jury returned a verdict for the plaintiff for $209.02, the contract price less the admitted payment. The defendant appealed from the judgment entered upon the verdict.

1. The defendant's first point is that the complaint does not state a cause of action, for the reason that it does not allege that, if the defendant had disclosed the names of the purchasers, the plaintiff would have been able to have recovered and collected the purchase price of the fruit of the purchasers. No other objection is made. If the objection to the complaint is to be construed as raising the point that it is not alleged that the purchasers were financially responsible, so that the purchase price could have been collected of them, the point is not well taken, for the reason that the plaintiff could not have any knowledge in fact upon the question, as the defendant refused to disclose the names of the purchasers. Besides, it will be presumed that the purchasers were solvent, and that the defendant did not, in violation of his duty, sell to irresponsible parties. If, however, the real objection to the complaint is that it does not allege facts entitling the plaintiff, prima facie, to recover from the purchasers, it is without merit, as a reading of the complaint will demonstrate.

2. Assignments of error 2 and 3 are to the effect that the trial court erred in not granting defendant's motion to dismiss the action at the close of the plaintiff's evidence, and in refusing to instruct the jury to return a verdict for the defendant. This raises the question whether there was any evidence in the case to support the verdict. All of the evidence as to the transactions between the parties as to the car of fruit was documentary, consisting of telegrams and letters. We have attentively considered the evidence, and are of the opinion that it is sufficient to sustain the verdict.

There was no controversy on the trial that the defendant did not, as the agent of the plaintiff, sell for it to actual purchasers a car of bananas then in transit from Mobile to some northern market for $340, free on board of cars at the latter place; that the purchasers, on arrival and tender to them of the fruit, refused to accept it; and that the defendant, although requested so to do, refused to inform the plaintiff of the names of the purchasers, to the end that it might have recourse against them. But the defendant claims that, after the purchasers refused to accept the fruit, it was consigned to him as a factor by the plaintiff to sell for it to the best advantage, and that he did so. This is the defense alleged in his answer, and it was the theory upon which the case was tried on his part. He here claims that such defense was conclusively established by two telegrams between the parties. The first was from the defendant to the plaintiff after the car arrived at Minneapolis, and was in these words: "Car is very ripe. Shall we handle best advantage? Answer quick." Plaintiff answered: "Use judgment, and protect our interests. Purchasers should accept fruit." Standing alone, this would tend to support the defendant's defense, but the evidence must be considered in connection with the further fact that the plaintiff demanded the names of the purchasers, and the defendant refused to give them. So considered, the jury might fairly infer that it was not the intention of the plaintiff to waive the sale, and consign the fruit to defendant to sell on its account, but that the intention was that the defendant should use his judgment in enforcing the contract against the purchasers; otherwise the proper answer to the defendant's telegram would have been, "Yes." The inference to be drawn from the telegrams and other evidence was a question of fact for the jury, and we cannot interfere with their verdict.

3. Alleged errors 3 to 13, inclusive, relate to the rulings of the court on the trial as to the admission or rejection of evidence. Several of these are to the effect that the court erred in excluding evidence on the part of the defendant to show that a part of the 425 bunches of bananas in the car were not of the grade or quality known as "Straights," but inferior thereto.

The claim of the defendant is that the proposed evidence tended to

show that he disposed of the banauas to the best possible advantage, as alleged in his answer. The plaintiff's cause of action was based upon the claim that the defendant, by his conduct in the premises, placed himself in the shoes of the original purchasers of the fruit, and made himself liable for the purchase price thereof. The jury, under the instruction of the court, necessarily found by their verdict that the plaintiff's claim was established by the evidence. Such being the case, it would be wholly immaterial whether the defendant afterwards disposed of the fruit to the best possible advantage; and the verdict shows that the rejection of the evidence was not prejudicial error, for the jury necessarily found that the fruit was never consigned to the defendant to sell to the best possible advantage on plaintiff's account.

It is also urged that the proffered evidence was competent as tending to show that the original purchasers were not bound to accept the fruit. The evidence shows that the fruit sold in transit was represented by the plaintiff to be of the grade known as "Straights," a superior grade. It must be admitted that the defendant is entitled to make the same defense in this action that the original purchasers might have made if they had been sued for the purchase price of the fruit. But if they had been sued for the price of a car of bananas, no grade being specified, and they had denied by their answer the contract of purchase, and alleged as a defense that the fruit was consigned to them as commission men to sell on plaintiff's account, and at its risk, and that they had duly performed the contract (the answer in this case), would it have been competent, on the trial, for them to show that by the contract the fruit was to be of the grade known as "Straights," and that it was not so? Clearly not. The evidence offered by the defendant was not, under the pleadings, competent to show a justification of the purchasers for not receiving and paying for the fruit. If such an issue had been tendered, it would have been, as defendant claims, a material one; but the trouble is no such issue was made. The fact that the plaintiff proved more than was necessary to support the allegations of the complaint did not make the evidence competent.

Again, it is quite apparent from the record that the first reason

here urged in support of the alleged error was the one purpose for which the evidence was offered. The trial court was not advised otherwise. The evidence conclusively shows that the only objection made to the fruit by the defendant prior to the trial was that it was overripe. It was not reversible error to exclude the evidence.

4. The only other alleged error meriting consideration relates to the charge of the court to the jury. No exceptions were taken to anything the court did say to the jury, but at the close of the charge the defendant excepted to it for the reason of its insufficiency and failure to give the general principles of the law controlling under the facts of the case, specifying them; to which the court replied:

"You cannot except to that unless you draw up a request before the charge is given. There can be no exception to a failure to charge, unless it is a failure to give a written request to charge."

No such request was presented, and the law was correctly stated by the trial court.

Judgment affirmed.