### DAVID E. JONES v. ISAIAH H. BRADFORD.

May 8, 1900.

Nos. 12,108—(85).

**Verdict Sustained by Evidence.**
    Evidence examined, and *held* to support the verdict.

**Examination of Adverse Party under G. S. 1894, § 5659.**
    When a party to an action is called by the adverse party for cross-examination, under G. S. 1894, § 5659, the time of the examination of the witness by the attorney of such party rests in the sound discretion of the trial court.

Action in the district court for Hubbard county to recover a balance of $233.10 and interest for goods sold and delivered and money advanced. The case was tried before Holland, J., and a jury, which rendered a verdict in favor of plaintiff for $318.38. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Coppernoll & Willson,* for appellant.

*A. G. Broker,* for respondent.

LEWIS, J.

Action to recover for money advanced and for goods sold and delivered to defendant by plaintiff's assignor. Defense, that the goods were purchased by defendant as the agent for and on account of one James Billings, and that the same had been paid. Verdict for plaintiff. Defendant appeals from an order denying a new trial. There are two assignments of error.

1. Plaintiff called the defendant for cross-examination, under the statute (G. S. 1894, § 5659), and by him identified an instrument,

Exhibit A, proved the signature, and then asked this question: "In fulfilment of that, plaintiff's Exhibit A, you went on, and cut this timber, didn't you?" to which witness answered, "Yes, sir." Then defendant's counsel proceeded to cross-examine and ask the witness as follows: "Now, Mr. Bradford, * * * there were different arrangements made, were there not?" to which plaintiff objected, as not being proper cross-examination at that time. The objection was sustained, and defendant assigns as error this ruling.

The statute in question states that a party to the action may be examined as if under cross-examination by the adverse party, and may be compelled to testify in the same manner, and subject to the same rules for examination, as any other witness. The method to be pursued under this statute rests in the reasonable discretion of the court. The most natural and logical way would be to reserve the examination of the witness by the opposite party until his case proper is reached. In the case before us defendant alleged that defendant was acting as agent, only, of Billings, and it would be the most natural order to introduce the evidence tending to show agency, and changes in the agreement, when the defense in chief was reached. But there can be no hard and fast rules laid down in this respect. The defense could not be deprived of an opportunity to examine the witness, and it appears that he was called and examined by defendant. The defendant was not prejudiced, and there was no error in the ruling.

2. The other assignment presents the claim that the evidence does not justify the verdict. We have read the original contract executed by defendant and Billings, and the testimony of the several witnesses in reference to the operations of defendant under it, and the possible changes made in its terms. It will add nothing to review this record. We are satisfied that the evidence is ample, and sufficient to support the verdict.

Judgment affirmed.