## JOHN OLSON v. M. O. AUBOLEE.[1]

June 10, 1904.

Nos. 13,811—(97).

**Statutory Cross-Examination.**

Where a party to an action is called by his adversary for cross-examination, whether his examination may be continued by his own counsel rests in the discretion of the trial court.

**Failure to Instruct Jury.**

It is the duty of the trial court to instruct the jury upon all issues made by the pleadings and evidence, but a nondirection or failure to cover some particular feature of the case is not reversible error, where no special request was made to instruct on the point.

**Same—Practice.**

An exception to the failure of the court to charge upon some question in the case is unavailing in the absence of a request for instructions thereon.

**Libel.**

The trial court in this case submitted to the jury the question whether the libelous article complained of was actionable on its face. *Held* not error, there having been no request that the court determine the question as a matter of law.

**Evidence.**

Evidence considered, and *held* sufficient to sustain the verdict of the jury.

Action in the district court for Lake county to recover $4,000 for libel. Defendant, answering, alleged that the statements complained of were true, that the publication thereof was made in good faith, and that the same was a privileged communication. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John Olson* and *C. D. & Thos. D. O'Brien,* for appellant.
*Baldwin & Baldwin,* for respondent.

[1] Reported in 99 N. W. 1128.

BROWN, J.

Action for libel, in which defendant had a verdict in the court below, and plaintiff appealed from an order denying his motion for a new trial.

The facts are substantially as follows: At the time complained of in the complaint, plaintiff was the duly qualified and acting auditor of Lake county, in this state, and was a candidate for re-election to that office. On October 26, 1902, defendant wrote and caused to be published and distributed among the people of that county a circular accusing plaintiff of various misdeeds and acts of misconduct in the performance of his official duties and in other respects. The article is too long to incorporate into this opinion, and it is unnecessary to do so. Several portions of it were selected by plaintiff in his complaint, and made the basis of his cause of action and right of recovery, and to these only reference need be made.

The first item of the article so complained of charges that one Jennie Allenson was employed by plaintiff as a clerk in his office during part of the months of August and September, 1901, and that he procured her to indorse a blank warrant on the county treasurer for her compensation; that, after she had so indorsed it, plaintiff filled the same out for $50, upon which he obtained the money from the county treasurer, paying Miss Allenson the sum of $38, and retaining the balance, $12, for his own use.

The second item is as follows:

> After my return I had another experience in that same line. Olson went to a certain party here in town, and made the proposition that, if he could write the insurance on his house, he would see to it that his taxes were reduced. He wrote the policy— that I know—and I presume the taxes were abated accordingly.

The third item charges that two attorneys from Duluth visited the office of plaintiff, as auditor, and entered into a conversation with him concerning a tract of land in which they were interested, and against which there were some delinquent taxes. The result of this conversation was that the two attorneys arranged to obtain from plaintiff, as auditor, a state assignment certificate for such delinquent taxes on their next visit at his office. Later on, they appeared at his office and requested him to issue to them the assignment certificate, whereupon the

auditor informed them that one Hans Otto Olson had procured the assignment. It further charges that this Hans Otto Olson was a brother of plaintiff.

The fourth item of the article so selected by the complaint and relied upon for recovery is as follows:

> I could write volumes on the perfidy of this man John Olson, who has been able to deceive the people of Lake county for so many years, but what is the use? He is a man with a lying and deceitful tongue, and much to be feared. * * * John Olson is a smooth rascal. He covers his tracks too well to be easily caught.

The fifth and last item complained of is as follows:

> Fair-minded reader, why do you not rather ask why does not John Olson sue M. O. Aubolee for defamation of character? I have heard Olson testify on the stand time and again, and I know his ability in that line.

The complaint contains the usual allegations that the defamatory article was false, malicious, and intended to injure plaintiff in his good name, reputation, and official character, and that it was intended to charge him with misconduct in office, and to expose him to the hatred and contempt of his fellow citizens. Defendant pleaded in defense (1) the truth of the matters complained of; and (2) that its publication was made in good faith, on the belief that the statements therein were true, and that it was privileged.

On the trial defendant offered no evidence to substantiate the charges contained in the second matter complained of, viz., that Olson agreed with some person that he would see that his taxes were abated if such person would let Olson write the insurance on his house; nor to prove the fifth item, to the effect that defendant had heard Olson testify in court time and again, and knew his ability in that line. But evidence was offered tending to prove the truth of the other items complained of. The trial court submitted to the jury the question whether the second and fifth items just referred to were libelous, and they found a general verdict for defendant. Plaintiff moved for a new trial on two grounds: (1) That the verdict was not justified by the evidence, and (2) errors

in law occurring at the trial and excepted to by plaintiff, which motion the court denied.

Eight assignments of error are made in this court, but they may be grouped under three heads: The first group presents the question whether the verdict of the jury is sustained by the evidence; the second, whether the court erred in certain rulings on the trial; and the third, whether the failure of the trial court to instruct the jury in certain respects was reversible error. We dispose of the second group first, viz., alleged errors in the rulings of the trial court.

Defendant called plaintiff for cross-examination under the statute, and examined him at considerable length, at the conclusion of which plaintiff's counsel requested the privilege of continuing the examination, which permission the court declined to grant. This ruling is assigned as error. This question was practically disposed of adversely to plaintiff's contention in the case of Jones v. Bradford, 79 Minn. 396, 82 N. W. 651, where it was held that when a party to an action is called by the adverse party for cross-examination, whether the witness may be further examined by his own attorney at that time, and as a part of his case, rests in the sound discretion of the trial court. No arbitrary rule preventing such examination by the party's own attorney should be adopted. A case might be presented where it would be very proper to permit the party's attorney to examine him briefly, and for the purpose of clearing up some matter not made definite and clear by the cross-examination, but there is no absolute right to such an examination, Whether it should be allowed in any case must be determined by the trial court·in the exercise of its sound judgment and discretion.

Defendant offered evidence to prove the truth of the libelous article respecting the charge that the county auditor drew from the county treasury the sum of $50 under the pretense that it was for clerk hire of Jennie Allenson, retaining $12 of the amount for his own use, and paying the clerk but $38. Upon this subject counsel for plaintiff asked plaintiff the following question: "Q. How much less during your term of office as county auditor of this county did you expend for clerk hire than the amount which was allowed you by law?" The question was objected to by counsel for defendant as incompetent and immaterial, and the objection was sustained. The ruling was correct. It was wholly immaterial to any issue in the case whether or not plaintiff

expended for clerk hire less than the amount allowed him by law. The mere fact that he paid the clerks less than the law allowed would not justify him in claiming any part of such allowance for his own use. The amount allowed by statute for clerk hire is intended exclusively for that purpose, and, if the whole amount be not expended by the auditor, it remains the property of the county. Whether he succeeded in saving anything in this behalf would not in any measure excuse his act in appropriating any of the amount drawn from the treasury for the purpose of paying Clerk Allenson.

The sixth, seventh, and eighth assignments of error are to the effect that the court below erred in failing to instruct the jury that the language of the second and fifth portions of the alleged libelous article above mentioned, which were not substantiated by proof offered by defendant, were actionable per se, and also that the court erred in not instructing the jury to return a verdict in plaintiff's favor. These assignments of error are not well taken.

Counsel for appellant made no request at the time of the trial for such instructions, nor did he except to any part or portion of the general charge. While it is the duty of a trial court fully to instruct the jury upon the whole case made by the pleadings and evidence, the rule is well settled—too well, in fact, to require the citation of authorities in support of it—that, if parties wish the court to instruct the jury upon any particular feature of the case, they must make proper request for that purpose, and at proper time. In the absence of such request a nondirection or failure to cover some particular feature of the case is not fatal error. J. I. Case T. M. Co. v. Huffman, 86 Minn. 30, 90 N. W. 5; Brown v. Radebaugh, 84 Minn. 347, 87 N. W. 937; Mobile Fruit & Trading Co. v. Potter, 78 Minn. 487, 81 N. W. 392; 2 Thompson, Trials, § 2338; 11 Enc. Pl. & Pr. 325.

It is possible, though we are by no means clear, that the second item of the article complained of is actionable per se; and, had counsel requested the court so to instruct the jury, the question would have been fairly presented for our consideration, and we would have been required to determine it. But the question of its libelous character was submitted to the jury, and, within the rule stated, if counsel was of opinion that the question should have been determined by the court as a matter of law, he should have requested the court to so charge the

jury. It was, at most, a case of nondirection, and not reversible error, in the absence of a special request for instructions on the point.

What has been said in reference to this part of the article applies equally to the fifth item above referred to, namely, that portion wherein defendant states that he is familiar with plaintiff's ability as a witness. It is quite clear that the language here complained of is not actionable per se. It does not, as urged by counsel, charge plaintiff with perjury, and the language used is not fairly susceptible of such a construction. But whether that was its meaning and import, and whether libelous on its face, the court submitted to the jury to determine, and plaintiff had the benefit of their judgment 'therein. There was no error in the action of the court in this respect, there being no specific request for instructions on the subject. ·

Defendant pleaded in justification of that part of the article charging that plaintiff had been able to deceive the people of Lake county for many years; that he was a man with a lying and deceitful tongue, a smooth rascal, and covered his tracks too well to be easily caught— various acts of alleged misconduct on the part of plaintiff, tending to show his general character for honesty and fair dealing, some of which were not sustained by proof on the trial. Others were supported by evidence, and were sufficient to take this feature of the case to the jury. The suggestion of plaintiff's counsel that, because of the failure of defendant to substantiate all the allegations of the answer by way of justification, plaintiff should have a verdict, is not sound. The rule in such cases is that the matters alleged in justification, if not shown to be true, may be considered by the jury in aggravation of plaintiff's damages, if upon the whole case it be found that he is entitled to recover. But the failure to establish all the allegations of the justification cannot be made an independent basis of recovery. The plaintiff must stand or fall in all such cases upon the allegations of his complaint, and not upon the failure of defendant to prove all matters alleged in justification of the libel complained of.

It is urged with a good deal of earnestness by plaintiff's counsel that the verdict of the jury is not sustained by the evidence, and that for this reason a new trial should be granted. We have examined the voluminous record with care, and reach the conclusion that the evidence is sufficient to warrant a submission of the issues made by the pleadings

to the jury, and that the verdict, approved as it has been by the trial court, must be sustained. The trial was a fair one; the charge of the court to the jury clear and impartial—a complete exposition of the law of libel, so far as applicable to the case—and there is no room for the suggestion that the jury were not fully informed upon every feature and issue of the case. It would serve no good purpose to air the matter further by a discussion of the evidence produced on the trial, and we refrain. Suffice it to say that it was sufficient to take the case to the jury, and their verdict in the premises must be, and is, sustained.

Order affirmed.