HANS J. BECK v. MINNEAPOLIS UNION RAILWAY COMPANY.[1]

June 2, 1905.

Nos. 14,258—(87).

**Assault—Self-Defense.**

The question whether a person assaulted by another and threatened with bodily harm is justified in using force to repel the same, and whether he employs greater force than is reasonably necessary for that purpose,. are questions for the jury to determine. The mere belief of the person. using force under such circumstances is not alone sufficient to make out a case of self-defense, for the facts must be such as to justify that belief.

**Charge to Jury.**

The instructions of the trial court in this case examined, and *held* to. conform to the rules of law applicable to the questions presented, and to contain no reversible error.

Appeal by defendant from an order of the district court for Henne-- pin county, Pond, J., denying a motion for judgment notwithstand-- ing the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $450. Affirmed.

*Rome G. Brown* and *Charles S. Albert,* for appellant.

*Jas. A. Peterson* and *Smith & Thompson,* for respondent.

BROWN, J.

Action to recover damages for assault and battery alleged to have been committed by an agent of defendant upon plaintiff, in which plaintiff had a verdict, and defendant appealed from an order deny--

[1] Reported in 103 N. W. 746.

ing its alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: Defendant is a corporation, and owns and operates the Union Depot in the city of Minneapolis. In connection with the depot is maintained a baggage room in which to check and temporarily store the baggage of passengers leaving and arriving at the depot. The complaint alleges that plaintiff is a hack driver, and at the time in question entered the baggage room for the purpose of receiving baggage belonging to a passenger he was to convey to the hotel, and that the agent of defendant in charge of the baggage department wrongfully and unlawfully assaulted him, inflicting upon him serious bodily injuries. The complaint contains two causes of action founded upon two different assaults. The defense to the action was that plaintiff was a trespasser upon the premises of defendant; that he had been forbidden to enter the baggage room, or to take parcels of baggage therein stored, except upon the surrender of checks therefor to the agent in charge in the manner and at the place provided by the company for that purpose; that on the occasions complained of he was a wrongdoer, and assaulted the agent of defendant in charge of the baggage room; and that in defending himself from plaintiff's assault the agent used no more force than was reasonably necessary to repel it.

The trial court held that plaintiff was a trespasser upon the premises of defendant, that he had no right in the baggage room, but submitted the case to the jury upon the question whether the agent of defendant, in repelling the alleged attack upon him, used any greater force than was reasonably necessary for protection. The only questions urged in this court go to the sufficiency of the charge of the court below to the jury, its ruling in excluding certain evidence offered by defendant, and whether the evidence is sufficient to sustain the verdict.

The court below charged the jury as follows:

> The court will say further, if you find under the evidence that the defendant's employee Vail, at the time and place in question, believed, and had reasonable cause to believe, that he was in danger of bodily harm by a blow from plaintiff, he

(Vail) had the right to act in his own defense, and to then and there return the blow, using, however, no more force than was reasonably necessary to protect his own person from this assault on the part of Beck.

The extract from the charge covers in a general way the rule laid down for the guidance of the jury. Exception was taken to it, and it is claimed by defendant that it is erroneous, in that it disregarded the belief of defendant's agent and his situation at the time of striking plaintiff, as he believed it to be, and made the liability of defendant depend solely upon the actual necessity for the use of force. We do not so construe the charge of the court, when taken as a whole.

The rule permitting a party in danger of bodily injury at the hands of another to resort to force to prevent the threatened injury, and the extent of force he may employ for that purpose, has been frequently laid down in the decisions of this court. The last case where the subject is treated is Germolus v. Sausser, 83 Minn. 141, 85 N. W. 946. It was there said, in substance, that an act otherwise criminal is justified when it is done to protect the person committing it from imminent personal injury, the act appearing reasonably necessary to prevent the injury, and nothing more being done than is reasonably necessary for that purpose. This does not require, the court said, that necessity for doing the act should be actual; it is sufficient if there is apparent necessity for it. "The mere belief of a person that it is necessary to use force * * * is not alone sufficient to make out a case of self-defense, for the facts as they appear to him at the time must be such as reasonably to justify such belief." It is not the belief of the person resorting to force to protect his person from a threatened assault which determines the question whether he is justified in so doing; but the question must be determined from the facts and circumstances as they appeared to him at the time, and it is for the jury to say, where the question is presented in court, whether, from the facts disclosed, a reasonable necessity for the use of force existed. If we were to hold, and the rule were to be laid down, that the belief of a person using force was the sole test, there would be little left for the jury to determine, for the person resorting to force would in all cases declare that he honestly believed force was neces-

sary. The same rule applies to the question whether excessive force was used—whether any greater force was employed than was reasonably necessary to protect the person from the threatened injury.

In the case at bar it is contended that the court should have instructed the jury that, if the agent of defendant actually believed that in assaulting plaintiff he was using no more force than was reasonably necessary to repel plaintiff's assault, a sufficient justification was made out. It is a sufficient answer to this contention that the court was not requested to so charge, and the general charge, properly considered, sufficiently covers the point. The court having covered the issues in a general way, the failure to instruct upon this particular phase of the case was not, in the absence of special request, error. Olson v. Aubolee, 92 Minn. 312, 99 N. W. 1128. But, for the reasons already suggested, the question whether he used excessive force —whether he used more force than was reasonably necessary—under the circumstances as the evidence disclosed them was a question of fact for the jury to determine. From a careful examination of the charge as a whole, we are clear that the rules of law on this subject were sufficiently stated to the jury. The assignments of error referred to are not well taken.

What has been said disposes of the assignment of error challenging the ruling of the court excluding evidence tending to show the belief of the agent on the subject of the amount of force he used in repelling plaintiff's assault. The question on this subject put to defendant's agent was:

> Mr. Vail, did you at that time think that you hit him any harder than you thought was necessary to protect yourself?

The objection that it was incompetent, irrelevant, and immaterial was sustained. Clearly, this was a question for the jury to determine, and not the witness. It was proper to disclose to the jury all the facts and circumstances surrounding the difficulty between the parties, the nature and extent of plaintiff's assault, and the extent of force used by the agent in repelling the assault, from which the jury would be required to say whether the force used was greater than was reasonably necessary for the purpose.

An examination of the record discloses evidence sufficient to sustain the verdict. It may be, as urged by counsel for defendant, that the case has "gone wrong, all wrong"; but the record justifies the suggestion that it had, in the evidence presented to the jury, legal transportation for its journey.

Order affirmed.