### STATE v. EDWARD ZEMPEL.[1]

February 28, 1908.

Nos. 15,400—(21).

**Charge to Jury—Requests.**

Where no requests for instructions are made, it is not reversible error for the court to fail or neglect to instruct the jury upon any particular phase of the case. This rule applies in criminal cases.

**Same.**

Under the statute (section 5365, R. L. 1905) which requires the court in a criminal case to state to the jury all matters of law which he thinks necessary for their information in rendering a verdict, the defendant must request such instructions as he wishes the court to give; and, if this is not done, error cannot be predicated upon the failure of the court to give any particular instruction or instructions.

**Same—Harmless Error.**

Certain instructions considered, and *held* not prejudicially erroneous.

**Verdict Sustained by Evidence.**

The evidence *held* sufficient to sustain a verdict of guilty in a prosecution for rape.

Defendant was indicted for, and after trial in the district court of Blue Earth county was convicted of, the crime of rape, and was sen-

[1] Reported in 115 N. W. 275.

tenced to hard labor in the State prison at Stillwater for the term of nine years. From an order, Cray, J., denying defendant's motion for a new trial and from the judgment of conviction, defendant appealed. Affirmed.

*H. L. & J. W. Schmitt* and *Pfau & Pfau*, for appellant.

*E. T. Young*, Attorney General, *Geo. W. Peterson*, Assistant Attorney General, *Walter A. Plymat*, County Attorney, and *S. B. Wilson*, for the state.

ELLIOTT, J.

This appeal is from an order denying the motion for a new trial after a conviction for the crime of rape. The assignments of error question the correctness and sufficiency of certain instructions given by the trial court, and the correctness of a ruling which excluded certain letters; but the principal reliance seems to be placed upon the claim that the evidence is not sufficient to justify the verdict of guilty.

The appellant makes numerous assignments of error which are predicated upon the alleged failure of the court to instruct, or to instruct fully, upon certain questions of law. No requests were made by the defendant for instructions upon any issue or any phase of the case, nor was the court requested to amplify or make definite or specific any of the instructions which were given. If the defendant was not satisfied with the instructions given by the court, he should have submitted such requests for instructions as he desired. Where no requests for instructions are made, it is not reversible error for the court to fail to instruct upon any particular issue. Mobile Fruit & Trading Co. v. Potter, 78 Minn. 487, 81 N. W. 392. This rule—like that which makes it incumbent upon a person to call the attention of the court to errors in the charge which are the result of mere oversight or inadvertence, which is thoroughly established in civil cases— applies equally in criminal cases.

The trial court in this case complied with the requirements of section 5365, R. L. 1905, which provides that, "in charging the jury the court shall state to them all matters of law which it thinks necessary for their information in rendering a verdict, and, if it shall present the facts of the case, shall in addition inform the jury that they

are the exclusive judges of all questions of fact." A wide discretion is thus left to the court, and a failure to give any specific instruction is not error, unless a request therefor was made by the defendant. An erroneous and prejudicial instruction is ground for a new trial; but mere inadequate instructions cannot be taken advantage of, unless proper instructions are requested and refused.

But we have examined the record carefully, and are of the opinion that the instructions given were sufficient and correct. It is urged that the court erred in charging, in the language of the statute (R. L. 1905, § 4926), that "rape is an act of sexual intercourse with a female not the wife of the perpetrator and against her will or without her consent." The court did not read the remainder of the section in which this definition appears, and which amplifies somewhat the definition, and states the conditions of the crime in detail. The only part of the omitted language which could have any application, under the circumstances of this case, is subdivision 2, which makes the act rape "when her resistance is forcibly overcome." The omission was fully supplied by the instruction which immediately followed the definition, to the effect that, "in order that an act of sexual intercourse constitute rape, there must be force and violence on the part of the man, and there must be actual resistance and opposition on the part of the woman to the full extent of her ability under the circumstances, until the sexual act is accomplished. Her resistance must be proportionate to the occasion and to the strength and opportunities of the woman." While it is not specifically stated in this instruction that the force must be sufficient to overcome the resistance of the woman, we think it is necessarily implied, and the jury must have so understood it. It is stated that there must be force and violence on the part of the man, and there must be resistance and opposition on the part of the woman to the full extent of her ability. If she is overcome after resistance to the full extent of her ability, it can only be upon the theory that force and violence sufficient therefor was used by the man.

The court also charged the jury that "there is evidence in the case tending to prove that the defendant had been criminally intimate with said Emma Mrotz prior to the time of the alleged offense for

which he is here on trial." Sexual intercourse between an unmarried man and an unmarried woman is not technically a crime in this state. (State v. Williams, 94 Minn. 319, 102 N. W. 722; R. L. 1905, § 4952), and, strictly speaking, the court should not have so characterized the act. The fact of former intimacy between the parties was material only in so far as it affected the credibility of the complaining witness, and rendered less probable that she told the truth with reference to the resistance offered in this particular case. The defendant himself had testified that he had had sexual intercourse with the girl on a prior occasion. In referring to this fact the court used the adjective in question. It was merely descriptive, and it is not conceivable that the defendant was prejudiced thereby.

The defendant was on terms of some intimacy with the family of the complaining witness, Emma Mrotz, and claimed that he had been engaged to Emma's sister, Lena. On the cross-examination of the defendant, he testified that, while he claimed that Lena had promised to marry him she denied having made such a promise. The state introduced a letter which had been written by an attorney at the request of the defendant to Lena Mrotz, in which a suit for breach of promise was threatened unless she was willing to marry the defendant. This letter was received in evidence; but two letters of an earlier date, claimed to have been written by Lena to the defendant, were excluded, and this is urged as error. These letters were in language which tended to show that Lena had been engaged to the defendant, and the claim is that they thus tended to sustain his claim, and to an extent relieve him of the imputation of having authorized the sending of the letter threatening a suit for breach of promise without any justification therefor, thus putting him in a very bad light before the jury. The whole matter is too remote from the main issue to be regarded as prejudicial error, even if the letters should have been received.

We do not intend to detail the evidence, which, after a full and careful examination, has satisfied us that the verdict should not be disturbed. It is amply sufficient to sustain the finding of the jury and the action of the trial court in refusing to grant a new trial. The complaining witness testified that she met the defendant upon the

highway; that he made an attack upon her, threw her to the ground, and, without her consent, and in spite of her struggles and resistance, had intercourse with her. She testified that she struggled, fought, and screamed, and that in order to prevent her from screaming the defendant gagged her by forcing a handkerchief into her mouth. Her clothing was torn, her face scratched, and there was evidence of a serious struggle. From her testimony and the corroborating conditions the jury was justified in finding that she resisted to the full extent of her ability, and that her resistance was overcome by force used by the defendant. He admitted that he had intercourse with her, and claimed that it was with her consent. He also admitted that he placed the handkerchief over her mouth; but claimed that it was done with her consent, or at least in a spirit of fun. This was a circumstance which strongly tended to corroborate the story told by the girl. She made immediate complaint to her friends, and her conduct tends to corroborate her story, while that of the defendant casts discredit upon his version of what occurred.

The order of the trial court is affirmed.