JONESCU *v.* ORLICH.

1. EVIDENCE—ADMISSIONS OF AGENT—ADMISSIBILITY.
   The declarations of an agent as to a past transaction are inadmissible to bind the principal.

2. SAME—MASTER AND SERVANT—ADMISSIONS OF FOREMAN AFTER THE FACT.
   In an action against the employer for the death of plaintiff's decedent caused by a fall through a skylight while

he was at work on a roof, admissions on the way to the hospital by defendant's brother, who was in charge of the work as foreman, that he forgot to tell decedent about the skylight, which was covered with snow, *held*, inadmissible as after the fact.

3. SAME—WITNESSES—STATUTES—ADVERSE PARTY.

Under 3 Comp. Laws 1915, § 12554, on plaintiff's theory that defendant's brother was his agent, the brother might have been called and questioned as to his knowledge of the existence of the skylight and that it was concealed by snow.

4. SAME—ADVERSE PARTY—PRIVILEGE—WAIVER — FURTHER EXAMINATION—SCOPE—MASTER AND SERVANT.

While the representative of the deceased waived the privilege of the statute (3 Comp. Laws 1915, § 12553) prohibiting a party adverse in interest from testifying as to facts equally within the knowledge of the deceased, and compelled defendant to testify under 3 Comp. Laws 1915, § 12554, as to the contract of hiring, the door she thus opened to a further examination of defendant was confined to said contract, and a question by his counsel as to whether he called deceased's attention to the skylight, being no part of the contract of employment, was inadmissible.

Error to Wayne; Murphy (Alfred J.), J. Submitted October 28, 1919. (Docket No. 20.) Decided December 22, 1919.

Case by Letitia Jonescu, administratrix of the estate of Laker Jonescu, deceased, against John Orlich for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Reversed.

*Duncan C. Beath*, for appellant.

*Benjamin & Betzoldt*, for appellee.

SHARPE, J. Plaintiff's intestate, Laker Jonescu, met his death on January 29, 1917, by falling through a skylight on the roof of defendant's building at 1192 Russell street, in the city of Detroit. He was a car-

penter by trade, and had been engaged by defendant to make repairs on the premises. It is the claim of the plaintiff that the deceased was employed by the defendant as a day laborer. That on the day in question defendant's brother Andrew, who, plaintiff claims, had charge of the work for defendant, asked the deceased to go with him to a platform which extended in the rear of the second story of the front part of said building, and around which defendant desired a railing constructed, to measure up the material needed therefor. That the roof of the back part of the first story of the building was but a few inches below the platform and was covered with several inches of snow, entirely concealing a glass skylight built in and forming a part of such roof. That, owing to a door having been left standing on said platform, it was necessary for deceased to step off therefrom, and on the roof, to make such measurements. That, as he did so, he stepped on the concealed skylight and fell through to the floor below, sustaining injuries from which he died a few hours afterwards.

The negligence of defendant is said to be:

1. In not furnishing deceased with a safe place to work.

2. In not warning him of the existence and location of the skylight, concealed as it was with the covering of snow.

The defendant claims that the deceased was an independent contractor in the work he was doing and that the danger from stepping on the skylight was apparent to him. He also denies that Andrew had charge of the work for him.

The plaintiff had verdict for $6,000, on which judgment was duly entered. The defendant moved for a new trial, which was denied, and he now appeals, alleging many errors in the trial as well as in the denial of his motion for a new trial.

The first assignment of error relates to permitting the witness, John Korkes, who, with defendant's brother Andrew, was taking the deceased to the hospital, to state what Andrew then said to him about the accident. After some preliminary questions, Korkes was asked:

"*Q.* What else did Andrew say to you?
"*A.* Andrew was asked, 'What is the matter that you did not tell him about the skylight up there?' He said, 'By God, I forgot about it.' He told me there was snow there, three inches of snow—"

This was received under objection, and a motion was afterwards made to strike it out, which was denied. It is conceded that the defendant was not then present. The defendant insists that even if Andrew had charge of the work for him and was his agent, the declarations of an agent after the fact are not binding on the principal. The plaintiff claims that it was competent as tending to show that Andrew, as such agent, had knowledge of the existence of the skylight and was thus under obligation to the deceased to warn him of the hidden danger. The claim of the plaintiff is thus stated in his brief:

"We contend that this testimony was competent for one purpose to show that Andrew Orlich, the superintendent of the job, and the vice-principal of defendant, who ordered and accompanied Jonescu upstairs to measure the porch for the railing, knew at the time of the existence of this skylight, and that it was hidden and covered by snow. This testimony was admitted by the court for that purpose only. In order for plaintiff to recover it was necessary to show as one of the elements of her case, that Andrew Orlich, the *alter ego* of defendant, knew at the time of the existence of this skylight, and that it was covered with snow, thereby preventing Jonescu from seeing or appreciating the dangers. Therefore, the cases cited by appellant on *res gestæ* have no application."

Our own decisions have settled the law on this question adversely to the claim of the plaintiff. In *Andrews* v. *Tamarack Mining Co.*, 114 Mich. 375, the court admitted, over defendant's objection, the testimony given by the underground captain of defendant's mine (having charge of all underground work) at the coroner's inquest held over the body of plaintiff's intestate, to the effect that he knew the mine was in a dangerous condition. It was offered, as was the testimony here, for the purpose of showing knowledge by him of the conditions surrounding the deceased while at the work he was instructed to do. This court, speaking by Mr. Chief Justice LONG, said:

"The court was in error in permitting this deposition to be read. It was not offered for the purpose of impeaching Captain Maslin, but for the purpose of proving a substantive fact; that is, that Maslin knew the mine was in a dangerous condition when he ordered the men in there. It is conceded that it was no part of the *res gestæ.* It has many times been held by this court that the declarations of an agent as to a past transaction are inadmissible to bind the principal. *Michigan Cent. R. Co.* v. *Coleman,* 28 Mich. 440; *Mabley* v. *Kittleberger,* 37 Mich. 360; *Patterson* v. *Railway Co.,* 54 Mich. 91; *Stebbins* v. *Township of Keene,* 55 Mich. 552; *Wormsdorf* v. *Railway Co.,* 75 Mich. 472 (13 Am. St. Rep. 453). It is true that, where the acts of the agent will bind the principal, then his representations, declarations, and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting a part of the *res gestæ.*

"But counsel for plaintiff contend that Captain Maslin was the *alter ego* of defendant, and that his agency continued at the time his testimony was given before the coroner; therefore, whatever Maslin said in reference to the occurrence at the mine would be binding upon the defendant, though said long after the occurrence. If he can be said to be the *alter ego,* he was not clothed with authority to make admissions."

See, also, *Beunk* v. *Valley City Desk Co.*, 128 Mich. 562; *Dompier* v. *Lewis*, 131 Mich. 144.

The reason for this rule is well exemplified in this case. In an affidavit, filed by defendant in support of his motion for a new trial, one Draga Popov deposed that she was looking out of the window which overlooked the platform in question when Andrew and the deceased were on it; that they engaged in a scuffle, and deceased was thrown or fell over on the skylight. If this be true, it would account for Andrew's making such a statement, in answer to the question of Korkes, as would place the liability for the injury and death of deceased on some one other than himself.

On plaintiff's theory that Andrew was in charge of the work as agent of the defendant, he might have been called as a witness under the statute (3 Comp. Laws 1915, § 12554) and questioned as to his knowlledge of the existence of the skylight and the fact that it was concealed by the snow. That defendant was greatly prejudiced by the answer given is apparent. By it the plaintiff got before the jury an admission by the *alter ego* of the defendant, and therefore, under the court's instruction, binding on him, of the fact that he knew that the skylight was concealed, that it was dangerous, and that he neglected a duty in not advising deceased concerning it. For this error, the case must be reversed.

In view of a new trial, the other errors claimed by defendant, and which may again arise, will be considered. The plaintiff called the defendant for cross-examination under the statute above referred to, and questioned him at considerable length as to whether the deceased was employed by him by the day or was doing the work under a contract. On examination of defendant by his own counsel, he was asked: "Q. In your talk with him when he was upstairs, did you or

did you not call his attention to the skylight?" An objection by plaintiff's counsel was sustained, the trial judge holding that the question was within the prohibition of the statute prohibiting a party adverse in interest from testifying to, facts equally within the knowledge of the deceased. While this statute was designed to protect estates, the plaintiff, as representative of the deceased, was privileged to call the defendant and compel him to testify, and by thus doing she opened the door to a further examination by defendant's own counsel as to all matters relative to which he had been interrogated. *Fox* v. *Barrett's Estate,* 117 Mich. 162. Counsel for defendant concedes that he was thus confined in his examination, but insists that the question asked related to the contract of hiring. It does not appear that any work was to be done by plaintiff's decedent on or around the skylight. There is some testimony that the purpose of erecting the railing was to keep boys who might be on the platform from interfering with the skylight. But it was not necessary for defendant to call plaintiff's attention to it in directing him relative to the work that he was to do in building the railing, except to warn him of the danger, and this would be no part of the contract of employment. We find no error in this ruling.

Assignments 8, 9 and 10 allege error in the charge of the court in submitting to the jury the question as to whether or not deceased was an independent contractor. The concession made by defendant's counsel when the case was presented in this court, that there was evidence tending to support the plaintiff's claim which entitled it to be submitted to the jury, obviates any discussion of this question. The language complained of as to the preponderance of the evidence was unfortunate as it seemed to cast the burden on defendant of showing that the deceased

was an independent contractor. That the court did not intend to so instruct the jury is apparent from the charge taken as a whole.

For the reason stated, the verdict and judgment will be set aside, with costs to defendant, and a new trial granted.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.