Charles L. Combs, Administrator of the Estate of Charles Combs, Jr., Deceased, Appellee, v. Jacob Younge, Appellant.

Gen. No. 8,946.

Opinion filed July 30, 1935.

HOWARD WHITE and E. BENTLEY HAMILTON, both of Peoria, for appellant.

CASSIDY & KNOBLOCK, of Peoria, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The plaintiff secured a verdict and judgment against the defendant for $9,500 in an action wherein the petition alleges that the defendant negligently drove his automobile against the minor son of the plaintiff and thereby caused his death. The accident occurred about nine o'clock a. m. on April 28, 1934, on U. S. Route

No. 24 between Peoria and Pekin. The decedent, Charles Combs, Jr., was about 15 years old at the time in question. He was riding his bicycle southward on the edge of the pavement or on the shoulder of the road on the west side, on his way to Pekin, when the defendant driving his automobile toward Pekin approached him. When the defendant first saw the decedent, before the accident, he was driving his car on the east side of the concrete. A short time before the defendant came up to the decedent, these two persons changed their positions in such a manner that the car and the bicycle collided. The defendant and one John W. Addler, who was driving a delivery truck about 50 feet behind and following the defendant's car, were the only eyewitnesses to the accident.

The plaintiff sues as the administrator of the estate of Charles Combs, Jr., deceased. Section 2 of the Evidence Act (Cahill's St. 1933, ch. 51, ¶ 2) provides in part as follows: ''No party to any civil action . . . shall be allowed to testify therein of his own motion, or in his own behalf when any adverse party sues as the administrator of any deceased person, unless when called as a witness by such adverse party so suing or defending.''

Section 1 of the Evidence Act provides, in general, that no person shall be disqualified as a witness in any civil action, except as in the act stated, by reason of his interest in the event thereof. The act enlarges the competency of witnesses so that, with the exceptions as therein limited, all persons may testify in an action. The principal reason for the disqualification of a party as a witness on his own behalf as provided by section 2 of the act is the supposed inability of the administrator to oppose the statements of his adversary, or to meet evidence with counter evidence. (*VanMeter v. Goldfarb*, 317 Ill. 620.) Section 2 provides that the party suing or defending against an administrator is not a competent witness, ''unless called as a witness by such

adverse party so suing or defending." The general design and purpose of the act, including the statutory exceptions as appears from their terms, is to place the parties to a civil action in a position of equality, or equal opportunity to introduce testimony to effect a full and fair trial. This view of the statute is the reason or foundation for the decision in the case of *Van-Meter v. Goldfarb, supra.* In that case the Supreme Court construed the third exception of the statute and the court held if the real party in interest testifies as an occurrence witness and gives his version of the accident, in an action for wrongful death under the Injuries Act, Cahill's St. ch. 70, the defendant is permitted to testify and give his version of the accident. Also, consistently with this view of the statute, if the party is called by the adverse party who sues or defends as administrator, the party does not become a competent witness for all purposes or upon all the issues of the case, but his disqualification as a witness is removed to the extent that he may testify in his own behalf concerning the *subject matter* about which he was examined by the administrator This is the rule in Illinois, regardless of what the rule, of broader import, may be in other jurisdictions. *Garrus v. Davis* (1908), 234 Ill. 326; *Grace v. Grace* (1915), 270 Ill. 558; *Chalkowski v. Szafranski,* 250 Ill. App. 339. This statutory right of a party to a civil action to testify as a witness on his own behalf after having been called by the adverse party who appears as administrator, and within the rule as pronounced by the Supreme Court, cannot be taken from such party by the courts; the only question is what is the extent and limitation of his right as a witness on his own behalf to testify "concerning the subject matter about which he was examined by the administrator."

Before considering the inquiry stated in the foregoing paragraph, it is necessary in this case to give attention to section 60 of the Civil Practice Act (in force

Jan. 1, 1934), Cahill's St. ch. 110, ¶ 188, which is as follows: ''Examination of parties at instance of adverse party. Upon the trial of any case any party thereto or any person for whose immediate benefit such action is prosecuted or defended, or the officers, directors, or managing agents of any corporation which is a party to the action, may be examined as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled, in the same manner and subject to the same rules for examination as any other witness, to testify, but the party calling for such examination shall not be concluded thereby but may rebut the testimony thus given by counter testimony.'' Before the enactment of section 60, if one party called as a witness the other party, the calling party was not bound by the testimony of his adversary and might introduce evidence to contradict it, but he could not call in question his adversary's credibility. *Chance v. Kinsella,* 310 Ill. 515. In fact, section six of the Evidence Act, which section was expressly repealed by the Civil Practice Act, provided that a party to a civil action might compel his adversary to testify as a witness at the trial in the same manner, and subject to the same rule, as other witnesses. The adverse party (under section six) became the witness of the calling party and was subject to cross-examination by the attorney for the adverse party; the testimony of the adverse party stood as true unless contradicted by other evidence. Section 60 of the Civil Practice Act gives a party the right to call the adverse party and examine him as on cross-examination, or by means of leading questions. There is nothing in said section 60 either expressly or impliedly repealing or modifying sections one and two of the Evidence Act. The fact that the party calling his adversary may under section 60 examine him by leading questions is all the more reason why the adverse

party should have the right to testify within the rule above announced and which has for its purpose the maintenance of the equal opportunity to introduce evidence by all parties to the action. In the following cases from States which have statutory provisions similar to section 60 of our Civil Practice Act, the courts of those jurisdictions have held that if the adverse party to an action is called under the statute, for cross-examination by an administrator suing or defending the action, the statutory bar, similar to our section two of the Evidence Act, is removed. *McCoy v. Ferguson,* 249 Ky. 334, 60 S. W. (2d) 931; *Bishop v. Shurly,* 237 Mich. 76, 89, 211 N. W. 75; *Frink v. Taylor,* 59 N. D. 47, 228 N. W. 459; *Zackheim v. Zackheim,* 75 Colo. 161, 225 Pac. 268; *Alger v. Alger,* 10 Ohio App. 93; *Currie v. Michie,* 123 Wis. 120, 101 N. W. 370.

During the trial in this action, and as part of his evidence in chief, the plaintiff called the defendant for examination under section 60 of the Civil Practice Act and by leading questions examined him fully and with exactness upon the disputed and material issue of the actionable negligence of the defendant. During such cross-examination the defendant was prevented by objections of the plaintiff to make explanations to several of his answers, although the defendant desired and attempted to do so. After the plaintiff finished his examination of the defendant, the attorney for the defendant demanded that he be permitted to cross-examine the defendant on the same matters to which he had testified on examination by the plaintiff's attorney. The demand was refused by the trial court upon objection by counsel for the plaintiff. Under section 60 of the Civil Practice Act the party called at the instance of the adverse party for examination does not become the witness of the calling party as he is called for examination and not as a witness in the true sense. The attorney for the defendant did not have the right

to cross-examine the defendant. *Barton v. Dyer,* 38 Idaho 1, 220 Pac. 488; *Scarborough v. Walton,* 36 Ga. App. 428, 136 S. E. 830; *Merritt v. Hummer,* 21 Colo. App. 568, 122 Pac. 816. The defendant's counsel also claims that he should have been permitted to examine, or re-examine, the defendant at once at the close of the cross-examination by the plaintiff's attorney. Although it is contended otherwise by counsel for the plaintiff, we are of the opinion that the record shows that the trial court denied the defendant's attorney the right to examine the defendant at the close of such cross-examination.

Section 60 of the Practice Act is similar to section 33 of the Municipal Court Act of Chicago, Cahill's St. ch. 37, ¶ 421. Section 33 of said act was copied from the Minnesota Code. *Illinois Malleable Iron Co. v. Brennan,* 174 Ill. App. 38. Speaking of this provision of the Code, the Supreme Court of Minnesota in the case of *Jones v. Bradford,* 79 Minn. 396, 82 N. W. 651, say: "The method to be pursued under this statute rests in the reasonable discretion of the court. The most natural and logical way would be to reserve examination of witness by the opposite party until his case proper is reached. . . . But there can be no hard and fast rules laid down in this respect." Later cases of the Supreme Court of Minnesota are to the same effect. *Olson v. Aubolee,* 92 Minn. 312, 99 N. W. 1128; *Miller v. Carnes,* 95 Minn. 179, 103 N. W. 877. In the case of *O'Day v. Meyers,* 147 Wis. 549, 133 N. W. 605, it was held: "Where a party is properly called under the statute for cross-examination, his counsel has no right to re-examine him at the close of such cross-examination. The statute contemplates no re-examination; and if one were allowed it would permit the adverse party to prove his case, or at least a portion thereof, as a part of the opponent's case." In the later case of *Guse v. Power & Mining Machinery Co.,* 151 Wis. 400, 139 N. W.

195, the Supreme Court of Wisconsin say: "The trial court accepted too literally the language of the opinion of this court in *O'Day v. Meyers,* 147 Wis. 549, and when one of the employees of the defendant was called by the plaintiff as an adverse witness, under the provisions of section 4068, Stats. (Laws of 1911, ch. 291), and examined by plaintiff's counsel, the court refused to permit any re-examination by defendant's counsel, apparently holding that if the latter desired the testimony of such witness he must call his witness as his own witness when his time came to put in evidence. This was too strict. Under such circumstances the defendant has a right to re-examine such witness immediately after the examination by plaintiff's counsel as to all matters tending to explain or qualify the testimony already given, but not as to new matters not brought out by plaintiff's counsel, and constituting part of the defendant's defense. So he may ask the witness questions proper for the purpose of impeachment upon a statement that he does not thereafter intend to make the witness his witness. The scope of such re-examination is largely in the discretion of the trial judge, but it should not be so extended in any case as to interject the defense into the plaintiff's case at this stage of the hearing. So far as *O'Day v. Meyers, supra,* may be understood to the contrary, it must be deemed modified by this decision."

In the case of *Merritt v. Hummer,* 21 Colo. App. 568, 122 Pac. 816, the court say: "Plaintiff's counsel called the defendant as a witness and examined him as upon cross-examination, under section 7284, R. S. At the conclusion of defendant's examination by plaintiff's counsel, his own counsel asked and was denied the privilege of examining him at that time; the trial court holding that the aforesaid statute gave the defendant no right to testify further until plaintiff had closed his case, and he (the defendant) had been regularly called to the stand in his own defense. This was error. While

the statute does not permit defendant's examination by his own counsel to proceed beyond the scope of his examination as conducted by his adversary, nor permit leading questions to be propounded to him by his counsel, it does not by its terms, nor by a proper construction, deny his right at once to give further testimony within the limit indicated.''

In the case of *Jonescu v. Orlich,* 208 Mich. 89, 175 N. W. 174, the Supreme Court of Michigan while it had under consideration section 12,554 of its Compiled Laws of 1915, which is similar to section 60 of our Practice Act, say: ''While this statute was designed to protect estates, the plaintiff, as representative of the deceased, was privileged to call the defendant and compel him to testify, and by thus doing she opened the door to a further examination by defendant's own counsel as to all matters relative to which he had been interrogated.''

In the case of *Colekin v. Bamborough,* 159 Ill. App. 130, the plaintiff called one of the defendants to testify during plaintiff's case in chief under section 33 of the Municipal Court Act. After being examined by the plaintiff, the trial court refused to permit the defendant's counsel to immediately cross-examine or re-examine the defendant. The court there said, ''We cannot assent to the construction of section 33 of the Municipal Court Act which denies to defendants the absolute right to cross-examine, or further examination, and relegates them to the sound judgment and discretion of the trial court.'' We are of the opinion that the trial court in the case at bar erred in denying counsel for the defendant the right to examine the defendant at the close of defendant's cross-examination by the plaintiff's counsel.

The attorney for the defendant called the defendant as a witness after the plaintiff had closed his evidence, but the court held him incompetent as a witness under

section 2 of the Evidence Act. The defendant's counsel then made an offer of what he intended to prove by the defendant, which offer of testimony followed closely the facts that the defendant had testified to on cross-examination by the plaintiff's attorney. It is contended by the plaintiff that the offer of proof of the defendant being the same as the facts testified to by the defendant on his cross-examination, by the plaintiff, the ruling of the trial court in refusing the defendant to testify on his own behalf was not reversible error. With this contention of the plaintiff we cannot agree. On cross-examination the plaintiff asked the defendant if the brakes on his car were in good condition, to which the plaintiff replied, "They were in fairly good condition." There is no other evidence in the record relative to the conditions of the brakes. The attorney for the defendant in his offer of proof stated that he expected to prove by the defendant "that his brakes were in good working condition and there was nothing defective in the mechanism or operating parts of the car and that when he applied the brakes, the car responded." It is also contended by the defendant that the decedent drove his bicycle almost directly in front of the approaching car of the defendant. The question of contributory negligence of the decedent is sharply contested. In his offer of proof the defendant offered to prove: "That previous to the turning on the hard road by the boy, there was no indication of any kind that the boy would not continue straight ahead as he had done for two hundred feet or more and that there was no apparent reason for the boy to turn across the hard road from the shoulder or edge thereof."

It is sufficient for us to say at this time that the defendant and the decedent immediately before the collision were in such positions that negligence, whether of the defendant or the decedent, depended upon a

variety of circumstances, considered not as isolated occurrences, but altogether, and in view of their relation to, and reaction upon each other.

We are of the opinion that where an administrator sues or defends a civil action and he calls the opposite party for examination at the trial for cross-examination under section 60 of the Civil Practice Act, and such party is used as an occurrence witness by the administrator, such party becomes a competent witness to testify, on his own behalf as part of his defense, to all primary and material facts directly determining the issues in the action, which facts are designated as the *res gestae*. (*VanMeter v. Goldfarb*, 317 Ill. 620; *Rouse v. Tomasek*, 279 Ill. App. 557; *Dunham Towing & Wrecking Co. v. Christiansen*, 44 Ill. App. 523; *Pennington v. Rowley Bros. Co.*, 241 Ill. App. 58; *Bitsekas v. Parechanian*, 67 Cal. App. 148, 226 Pac. 974.) Such facts, concerning which the other party may so testify, should be held within the scope of the facts testified to by him when examined by the calling party under cross-examination as determined by the judgment and discretion of the trial court. Such a rule, in our opinion, maintains the rule of equal opportunity to offer evidence and results in a full disclosure of the relevant and material facts, having a direct bearing on each other, so that a fair trial is accorded to both parties.

We have no doubt that the rejected offered testimony of the defendant that his car responded when he applied the brakes before he struck the bicycle and that the conduct and acts of the decedent immediately prior to and at the time of the accident were *res gestae*. We have endeavored to give section 2 of the Evidence Act and section 60 of the Civil Practice Act such a construction as will prevent injustice and unfairness. That section 2 of the Evidence Act has in some cases prevented a full and fair investigation of the facts in specific cases, we had occasion to consider in the case

of *Ogden v. Keck*, 253 Ill. App. 444. In the case at bar the eyewitness John W. Addler was not called by the plaintiff but he was called by the defendant and cross-examined by the plaintiff. We apprehend that the primary purpose of section 60 of the Civil Practice Act is to enable a party to introduce essential testimony on his side of the case which the other party has under his control or within his knowledge and not available to the calling party, and not to permit a party to make a bold stroke before the court or jury by calling his adversary and directing at him leading questions concerning which his adversary is not permitted to explain or testify. It should not be understood that by this remark we mean to criticise counsel in this case.

As the record stands we are convinced that the defendant was not accorded a full and fair trial. The case is reversed and remanded for a new trial.

*Reversed and remanded.*