# GLORIA OKRINA AND ANOTHER v. MIDWESTERN CORPORATION AND OTHERS.

165 N. W. (2d) 259.

February 7, 1969—Nos. 41108, 41109.

*Cragg, Bailly & Herzog* and *W. Scott Herzog,* for appellant.

*Erickson, Zierke, Kuderer & Utermarck, A. T. Edman,* and *O. C. Adamson II,* for respondents.

OTIS, JUSTICE.

These actions have been brought to recover damages for personal injuries sustained by Gloria Okrina as well as derivative damages sustained by her husband, Donald Okrina, arising out of the collapse of a store building in Mankato, Minnesota, on April 17, 1962. Liability was predicated on the negligence of Kuipers Construction Company in removing lateral support. The jury awarded $10,000 to Mrs. Okrina and $3,000 to her husband. Defendant appeals from the judgment.

Three issues are raised by defendant here: (1) Whether it was error for the trial court to charge the jury with respect to the doctrine of res ipsa loquitur; (2) whether one who suffers a disability as a result of fright without physical impact is entitled to compensation; and (3) whether a negligent defendant may be held liable for the unforeseeable consequences of fright inflicted on one who is peculiarly susceptible to such injury.

Defendant contracted with the Midwestern Corporation to build an addition to its store in Mankato. To that end an existing building was wrecked and an excavation dug next to the adjoining store occupied by J. C. Penney Company. The plans required defendant to excavate 2½ feet below the remaining wall, which was built on rubble and was without adequate foundation. Recognizing the risk thus involved, defendant constructed concrete footings under the existing wall at 12- or 14-foot intervals. When defendant completed work on a Friday, two such excavations under the existing wall had been opened but were not filled with cement. Over the weekend, the building was left without adequate lateral support. On the following Tuesday the wall collapsed, giving rise to this litigation. Mrs. Okrina was in the Penney store trying on clothing when she heard what sounded like a bomb and witnessed the collapse of the wall. She feared the building would collapse, but escaped without being physically struck by debris other than dust.

Defendant conceded that it would have been economically feasible to leave 5 or 6 feet of dirt against the wall and to tunnel in with underpinning. It acknowledged, as a matter of hindsight, that it should have used

some such method rather than removing all of the lateral support for a distance of 2½ feet below the existing wall. However, defendant attributed the collapse to a snowfall which loosened the ground over the weekend.

■ The trial court over defendant's objection charged the jury with respect to the effect of the doctrine of res ipsa loquitur, instructing them that if the plaintiffs had established the elements of that doctrine the jury was permitted, but not required, to draw the inference that defendant was negligent. Defendant argues that the court may not properly apply the res ipsa rule if there is otherwise sufficient evidence to create a jury issue, relying on Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102; Johnson v. West Fargo Mfg. Co. 255 Minn. 19, 95 N. W. (2d) 497; and Hoffman v. Naslund, 274 Minn. 521, 144 N. W. (2d) 580. In the Heffter case we held that res ipsa had no application where all the facts and circumstances appeared in evidence and there was nothing left to inference. In such cases, we said, the element of necessity was absent. In addition, we noted that a plaintiff cannot invoke the rule if he has made out a prima facie case of negligence.

Since the adoption of Rule 43.06, Rules of Civil Procedure,[1] a plaintiff may have the benefit of the res ipsa rule notwithstanding the fact he has introduced specific evidence of negligence which might itself establish a prima facie case of liability.[2] It is only where all of the facts which gave rise to the injury are established as a matter of law that the res ipsa rule has no application. Plaintiffs argue that the cause of the collapse was not conclusively demonstrated but may have resulted from lack of shoring, removal of lateral support, inadequate soil tests, the vibration of trucks, the unfilled excavations under the wall, or a snowstorm. As Judge Mason observed in his memorandum, it seems clear that the only reason

---

[1] Rule 43.06, Rules of Civil Procedure, provides: "Res ipsa loquitur shall be regarded as nothing more than one form of circumstantial evidence creating a permissive inference of negligence. The plaintiff shall be given the benefit of its natural probative force existing at the close of all the evidence even though he has introduced specific evidence of negligence or made specific allegations of negligence in his pleadings."

[2] Accord, Restatement, Torts (2d) § 328 D, comment *m*; Prosser, Torts (3 ed.) § 40, p. 236, note 54.

for the collapse was the failure to shore up a wall which obviously lacked adequate footings. The fact that the evidence disclosed the probable reason for the collapse may have obviated the necessity for invoking the res ipsa rule. If under such circumstances it was error to apply the rule, we hold that as given it was not prejudicial. The court left to the jury the question of whether it was an accident which would not have ordinarily happened without negligence and whether an inference of negligence was under such circumstances permissible.[3] Where, as here, defendant conceded its methods had been faulty, the jury was virtually compelled to find negligence. Under all the circumstances, the charge was, at most, harmless error.

■ Mrs. Okrina testified that immediately following the collapse she became sick and numb and was thereupon hospitalized. The evidence discloses that she was confined for 5 days and was thereafter afflicted with severe and persistent pains in her head, back, and leg. Her doctor testified that as a result of the accident she not only had pain but her personality changed, that she became moody and introspective. He attributed the condition to the emotional shock occasioned by the fright she experienced. In conclusion, the doctor was of the opinion that the condition was permanent because there had been so little change during the 4 years he had attended her since the accident.

Defendant cites State Farm Mutual Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 122 N. W. (2d) 36, for the proposition that there can be no recovery for the physical consequences of fright in the absence of a contemporaneous physical injury. Defendant suggests that Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, cannot be recon-

---

[3] The charge on res ipsa was as follows: "When an accident is such that it would not ordinarily have happened unless someone has been negligent and if the building which caused the injury is shown in this case to have been under the exclusive control of the defendant, you are permitted to infer from the accident itself and the circumstances surrounding it that the defendant was negligent. When I say that you must find exclusive control in the defendant it is sufficient if you find that the defendant had at the appropriate time the right of control and the opportunity to exercise it. If you find that plaintiff has established this you are permitted, but you are not required, to draw such an inference."

ciled with the Village of Isle case and renders the status of our rule unclear. We do not agree. Purcell was decided in 1892 and became a leading case for what was then the minority position. There, the plaintiff was not the victim of an impact but was a passenger on a cable car which barely escaped colliding with another car and caused plaintiff such fear, as she alleged, that she suffered a miscarriage and subsequent illness. We noted that a cause of action would not exist for fright or mental distress alone, but where fright results in a physical injury the plaintiff does have a cause of action.

The Village of Isle case turned on the question of whether a wife who was not herself involved in the accident could recover under the Civil Damage Act for mental suffering occasioned by her husband's injuries. We held that this was not an injury to the person within the meaning of the statute. That case may be distinguished from the instant case in two particulars. Here, there was a physical injury sustained as a result of Mrs. Okrina's fear and not merely mental anguish unaccompanied by symptoms of physical suffering; and, second, Mrs. Okrina feared for her own safety, and her distress was not occasioned by concern for the safety of others.

The Purcell case has not only been the law of Minnesota for over 65 years but now appears to represent the majority view. Robb v. Pennsylvania R. Co. (Del.) 210 A. (2d) 709; Falzone v. Busch, 45 N. J. 559, 214 A. (2d) 12; Restatement, Torts (2d) § 436; 2 Harper & James, The Law of Torts, § 18.4; Prosser, Torts (3 ed.) § 55, p. 349.

In Robb and Falzone, the Delaware and New Jersey courts exhaustively reviewed the history of cases which have denied or granted relief for injuries resulting from fear for the injured party's own safety. Where recovery has been denied, it is on the ground that such injuries breed fraudulent actions; unleash a flood of litigation; cannot be proved except by subjective and remote causation; and have no precedent in the common law. By way of rebuttal, courts allowing recovery have noted that the possibility of fraud should not prevent those with legitimate claims from proving their cases; that courts should not shirk their duty merely because of the volume of litigation which may result; and that where

damages are too remote or speculative recovery will be denied.[4] In any event, whatever may be the status of the law elsewhere, Minnesota is committed to the Purcell rule and there is no indication it has either spawned a flood of litigation or bred a rash of fraudulent claims since its adoption in 1892.

Here there was adequate medical testimony to support Mrs. Okrina's claim that she had a severe and persistent physical disability stemming from this occurrence. Her right to recover is fully supported by the evidence.

■ A more difficult question is the broad problem of compensating one whose injuries are the result of unusual sensitivity or susceptibility to shock. Much has been written on the subject, both by courts and commentators. Defendant vigorously argues that plaintiffs should not be entitled to recover for injuries which defendant could not reasonably foresee. However, we have held that foreseeability is a test of negligence and not of damages. If defendant can foresee some harm to one to whom he owes a duty, the exact nature and extent of the harm need not be foreseeable to permit recovery for all of the damages proximately caused. In Dellwo v. Pearson, 259 Minn. 452, 456, 107 N. W. (2d) 859, 862, 97 A. L. R. (2d) 866, Mr. Justice Loevinger summarized the rule thus:

"* * * It is enough to say that negligence is tested by foresight but proximate cause is determined by hindsight."

In Colla v. Mandella, 1 Wis. (2d) 594, 85 N. W. (2d) 345, 64 A. L. R. (2d) 95, the Wisconsin court permitted recovery for death resulting from the shock and fright decedent experienced when a car struck his home, even though the defendant could not foresee the extent of the harm which was caused. The Wisconsin decision finds support elsewhere. See, Annotation, 64 A. L. R. (2d) 100; Prosser, Torts (3 ed.) § 50. As applied to physical injuries resulting from mental disturbances, Professor Prosser suggests a caveat which we regard as an appropriate

---

[4] Battalla v. State, 10 N. Y. (2d) 237, 240, 219 N. Y. S. (2d) 34, 176 N. E. (2d) 729, 731; Dillon v. Legg, 68 Cal. (2d) 728, 736, 69 Cal. Rptr. 72, 78, 441 P. (2d) 912, 918.

admonition. Absent impact, he states (Prosser, Torts [3 ed.] § 55, p. 352):

"* * * There must necessarily be, in its place, some requirement of satisfactory proof, and at least in the absence of knowledge of the plaintiff's unusual susceptibility, there should be no recovery for hypersensitive mental disturbance where a normal individual would not be affected under the circumstances. But in general, it seems clear that the courts which deny all remedy in such cases are fighting a rearguard action." [5]

See, also, Kaufman v. Miller (Tex.) 414 S. W. (2d) 164.

That defendant had a duty to foresee some harm to plaintiff by the collapse of a wall supporting a building occupied by her is hardly debatable. Indeed, it would be extraordinary if a woman in her position did not suffer rather severe shock from the experience. The violation of that duty was negligence. Consequently defendant is liable for the damages which its negligence proximately caused. We therefore hold that notwithstanding her unusual susceptibility to the consequences of her fear, plaintiff is entitled to recover for the physical disability which she suffered, and the judgment is therefore affirmed.

Affirmed.

MR. JUSTICE SHERAN took no part in the consideration or decision of this case.

---

[5] The recent trend toward liberality in permitting recovery for physical injuries resulting from mental distress is discussed in Comment, 35 U. of Chi. L. Rev. 512; Comment, 13 S. D. L. Rev. 402; Comment, 15 Cleveland-Marshall L. Rev. 331. An exhaustive consideration of this subject is found in an article by Professor Hubert Winston Smith, *Relation of Emotions to Injury and Disease: Legal Liability for Psychic Stimuli*, 30 Va. L. Rev. 193. See, also, 38 Am. Jur. (2d) Fright, Shock, etc. § 27.