BERNICE A. SUTOR, AS TRUSTEE FOR THE NEXT
OF KIN OF WILLIAM M. SUTOR, v. DANIEL DEAN
ROGOTZKE, BY ELVIN ROGOTZKE, HIS
GUARDIAN AD LITEM.

194 N. W. 2d 283.

February 4, 1972—No. 42802.

*P. M. Meehl* and *Irving J. Wiltrout,* for appellant.

*G. D. Paterson,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ.

OTIS, JUSTICE.

This is an action for death by wrongful act arising out of a hunting accident. The jury found for defendant. The trial court granted a new trial on the ground it was error to deny plaintiff's requested instruction on res ipsa loquitur. Defendant appeals and we affirm.

On October 13, 1968, decedent, William Sutor, was duck hunting in a slough near the city of Springfield, Brown County. De-

fendant, Daniel Dean Rogotzke, then 17, was also hunting in the area when a friend passed by and showed defendant a .22-caliber rifle. Defendant explained the accident in the following manner:

"Well, I took the gun from him, or he handed me the gun, and I was looking at it, you know looking at the name of it and what the style of it was, what it looked like, and the sight, and I raised the gun up and pointing it towards the horizon where the land meets the sky and I waved along the horizon maybe for a few seconds and I was bringing it down, and I must—my hand slipped or something, I don't know if I jerked the trigger, but the gun discharged and I don't know how it did."

The decedent, some 150 to 175 yards away, was struck in the heart by the bullet.

We agree with the views of the trial court that the charge to the jury was inadequate. The court, without any elaboration, simply charged on the ordinary rules of negligence. In so doing, the court stated to the jury that the fact an accident happened is not in itself evidence that anyone has been negligent. Under the rules we have previously adopted with respect to injuries inflicted by firearms, and under the doctrine of res ipsa loquitur, we are of the opinion that this was a misleading statement of the law.

A leading case in this state and one which controls our decision is Corn v. Sheppard, 179 Minn. 490, 229 N. W. 869 (1930). There, a farmer shot at what he believed in the darkness to be a dog and struck a young boy who was camping nearby and had walked into the defendant's barnyard. We held (179 Minn. 493, 229 N. W. 870):

"Firearms are recognized as such dangerous instrumentalities that where a person has a gun in his hands and it is discharged, even accidentally and unintentionally, he is held liable for the injuries caused thereby, unless he shows that he took all reasonable precautions to guard against accidents and that the dis-

charge of the weapon did not result from any careless act on his part."

The Supreme Court of Nebraska in Naegele v. Dollen, 158 Neb. 373, 63 N. W. 2d 165, 42 A. L. R. 2d 1099 (1954), construed the Corn case, we think correctly, to be an application of the principle of res ipsa loquitur. That doctrine is embodied in Rule 43.06, Rules of Civil Procedure, as follows:

"Res ipsa loquitur shall be regarded as nothing more than one form of circumstantial evidence creating a permissive inference of negligence. The plaintiff shall be given the benefit of its natural probative force existing at the close of all the evidence even though he has introduced specific evidence of negligence or made specific allegations of negligence in his pleadings."

We have held that a plaintiff may have the benefit of the rule notwithstanding specific evidence of negligence has been introduced which might itself establish a prima facie case of liability.[1] Recently, in Bossons v. The Hertz Corporation, 287 Minn. 29, 33, 176 N. W. 2d 882, 885 (1970), we reiterated the following elements which must be present to justify an instruction on the res ipsa rule:

"* * * First, the event must be of a kind which ordinarily does not occur in the absence of negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff."

At least three other jurisdictions have considered the application of res ipsa to accidents involving firearms. Skinner v. Ochiltree, 148 Fla. 705, 5 So. 2d 605, 140 A. L. R. 410 (1941), held it was reversible error not to give the instruction where plaintiff had been injured on a skeet range. In Crump v. Browning, 110

---

[1] Okrina v. Midwestern Corp. 282 Minn. 400, 402, 165 N. W. 2d 259, 261 (1969).

A. 2d 695, 696, 46 A. L. R. 2d 1212, 1214 (1955), the District of Columbia Municipal Court of Appeals held:

"* * * Nothing is better settled than the general principle that when the cause of an injury is (1) known, (2) in the defendant's control, and (3) unlikely to do harm unless the person in control is negligent, the defendant's negligence may be inferred without additional evidence. * * * It would be hard to imagine a situation more uniquely in the realm of *res ipsa loquitur* than this one. A man holds an automatic pistol in his hands, the pistol is discharged and wounds a friend. To say that *res ipsa* does not apply is to cast on the person shot the anamalous, if not impossible, burden of explaining how it happened."

The California Court of Appeal reached a similar conclusion in Robledo v. City of Los Angeles, 252 Cal. App. 2d 285, 60 Cal. Rptr. 328 (1967). That court held it was reversible error not to give a qualified res ipsa instruction permitting an inference that the cause of the occurrence was some negligent conduct on the part of the defendant.

Under the facts of the case before us, we believe the doctrine of res ipsa loquitur is peculiarly applicable. All of the elements of the rule are present. They create a permissive inference of negligence. First, it need hardly be argued that a jury could find the accident was one which does not occur in the absence of negligence. The gun was pointed in the direction of the decedent whose presence was known to defendant. Although he did not intend to fire the gun, for reasons which he is unable to explain it discharged. Second, there is no dispute but that the gun was within the exclusive control of defendant. Third, there is no claim that decedent was guilty of contributory negligence. We agree with what the court said in Crump, that it is a situation where decedent's trustee would have an impossible burden of explaining how the accident happened if defendant himself could not explain it. It is precisely the kind of case where the facts on which liability may be predicated are within the exclusive knowl-

228

edge of the defendant himself. Consequently, we concur in the trial court's conclusion that the doctrine of res ipsa applies and it was error not to give the charge.[2]

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] See, Annotations, 46 A. L. R. 2d 1216, 1219; 26 A. L. R. 3d 561, 574.