## D. JAMES KUEHL AND ANOTHER v. NATIONAL TEA COMPANY AND ANOTHER.
## D. JAMES KUEHL AND ANOTHER v. VERNON R. LARSON.

245 N. W. 2d 235.

August 13, 1976—Nos. 46230, 46231.

*Richard C. Smith* and *Larry Meuwissen*, for appellants.

*Edward M. Cohen*, for respondents National Tea Company and National Food Stores, Inc.

*Peterson, Bell & Converse* and *Robert C. Bell*, for respondent Larson.

Heard before Rogosheske, Kelly, and Scott, JJ., and considered and decided by the court en banc.

SCOTT, JUSTICE.

These appeals arise from two separate actions for personal injury and consequential damages brought by D. James Kuehl and his wife, Marilyn Kuehl, against National Tea Co. and its subsidiary, National Food Stores, Inc., in the first instance and against Vernon R. Larson in the second. The actions were consolidated for trial, and the jury returned special verdicts in favor of both defendants.

D. James Kuehl has experienced difficulty with his lower back for several years. On August 21, 1969, he underwent a lumbar laminectomy operation.

The first accident involved here occurred on January 7, 1970, when plaintiffs were shopping in the National Food Store in the Apache Plaza Shopping Center. They requested assistance from a store worker in locating a grocery item. The store worker led plaintiffs down an aisle which contained a stack of empty boxes. After locating the item and handing it to Mrs. Kuehl, the store worker turned and proceeded back down the aisle. After he had walked some 30 or 40 feet, he heard Mr. Kuehl fall and returned to help him up. Mr. Kuehl claimed that he fell because he was startled at the store worker's abrupt turn when he handed Mrs. Kuehl the grocery item and that he tripped over the boxes in the aisle. The Kuehls continued to shop in the store for another 30 minutes.

The second accident involved in this appeal occurred in March 1972, by which time Mr. Kuehl had had another back operation on May 27, 1971. On March 4, 1972, he was involved in an automobile accident with defendant Larson at the intersection of Silver Lake Road and County Road No. H-2 in Mounds View. The road surface was slippery from snow. Defendant Larson, going east on County Road H-2, slid through a stop sign and came to a stop, blocking the first southbound lane of Silver Lake Road. Mr. Kuehl, traveling south on Silver Lake Road, turned

to the left when Larson's car entered the first southbound lane and passed in front of Larson's car as it came to a stop. Kuehl's car also slid on the roadway, and the left rear of his car struck either the blade or tire of a snowplow which had stopped about 75 feet south of the intersection.

The salient issue presented is whether the jury's verdicts were supported by the evidence.

Plaintiffs argue that the verdicts were erroneous because (1) the damages were so inadequate as to evidence passion and prejudice, and (2) it was impossible for reasonable men to conclude that neither party was negligent in the suit against National Tea and National Food, and to conclude that both parties were equally negligent in the suit against Vernon Larson.

In reviewing a jury verdict on appeal, this court considers the evidence in the light most favorable to the prevailing party, and the verdict will not be disturbed if the evidence reasonably tends to support it. Waite v. American Creosote Works, Inc. 295 Minn. 288, 204 N. W. 2d 410 (1973). The question is whether the jury on the record could reasonably make the finding. Gilbert v. Brindle, 306 Minn. 569, 237 N. W. 2d 83 (1975).

In challenging the damage award in the suit against National Tea and National Food, plaintiffs argue that the jury's passion and prejudice is indicated by the award of $1,500 in damages when the special damages sought by Mr. Kuehl were substantially larger. The record reasonably supports the jury's finding however. Mr. Kuehl's fall in the National Food Store took place on January 7, 1970. The medical bills incurred within 1 month after the incident were stipulated into evidence as follows:

| | |
|---|---|
| Mercy Hospital | $1,346.70 |
| Minneapolis Clinic | 35.00 |
| Radiologic Consultants | 90.50 |
| Dr. Richard D. Granquist | 194.00 |
| Hanson Coon Rapids Drugs | 16.35 |
| Coon Rapids Clinic | 20.00 |

The total of these bills was $1,702.55. While Mr. Kuehl's total medical bill in May of 1971 may have exceeded $4,000, it was not unreasonable for the jury to find his damages from the January 1970 fall were $1,500.

Plaintiffs also argue that the jury's finding of zero damages in the suit against Vernon Larson was evidence of prejudice in that Mr. Kuehl's total medical bill for the period of January 1970 to July 1972 was $5,600. His total bill is irrelevant to any proper measure of damages for the traffic accident in this case. Testimony was elicited from Kuehl's own doctor, moreover, to the effect that no new injury had been sustained in the traffic accident and that Kuehl's alleged injuries were simple aggravations of a preexisting condition. In these circumstances, a jury could reasonably find that no damages should be allowed. See, Haavig v. Hidding, 298 Minn. 192, 214 N. W. 2d 222 (1974).

Plaintiffs' claim that the denial of their motion for a new trial was an abuse of discretion is without merit. The allegation that defense counsel ignored the trial court's rulings is not supported by the record. Errors alleged in the final argument of counsel are not before this court because no statement was prepared pursuant to Rule 110.03, Rules of Civil Appellate Procedure. Absent a showing of clear abuse of discretion, the court's ruling must be affirmed. Eklund v. Lund, 301 Minn. 359, 222 N. W. 2d 348 (1974).

Affirmed.