Willis K. HUGHES, Respondent,

v.

DAKOTA COUNTY et al., Respondents,

City of Lakeville and Clinton Anderson, Individually and as a member of the Lakeville Police Department, Petitioners,

Donald Hamilton, Individually, and as a member of the Scott County Sheriff's Department, Respondent,

City of Hastings, et al., Defendants,

and

Paul A. McCLURE, Respondent,

v.

DAKOTA COUNTY et al., Respondents.

No. 48913.

Supreme Court of Minnesota.

Dec. 22, 1978.

Carroll, Cronan, Roth & Austin, Minneapolis, Grannis & Grannis and Roger N. Knutson, South St. Paul, for petitioners.

Meshbesher, Singer & Spence and John P. Clifford, Minneapolis, for Hughes.

Bundgaard & Jacobson, St. Paul, for Dakota County.

Robert W. Gislason, Edina, for Hamilton.

Oliphant & Marron, Minneapolis, for McClure.

Heard before KELLY, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This appeal arises from an action to recover damages sustained as the result of an allegedly illegal search executed at the home of plaintiff Paul A. McClure on March 1, 1976. The search warrant was issued on the basis of information obtained from a reliable confidential informant who claimed to have made a purchase of heroin from one John Emerson at the house in question.

Subsequent to the search, both McClure, who was a tenant in the house, and Willis K. Hughes, who was merely visiting McClure that evening, were taken into custody. The prosecution, on the authority of *State v. Luciow,* 308 Minn. 6, 240 N.W.2d

833, 245 N.W.2d 235 (1976), ultimately dropped all charges against McClure rather than reveal the identity of the confidential informant. No charges were ever brought against Hughes.

In the course of the subsequent civil action for false arrest, false imprisonment, etc., the plaintiffs requested a court order requiring petitioners to answer certain interrogatories relating to the identity of the confidential informant. The matter was heard in District Court, Dakota County, Judge Robert J. Breunig presiding. The court on April 20, 1978 ordered the disclosure of the informant's identity for the sole purpose of trial preparation. A petition for writ of prohibition was made to this court by the City of Lakeville and Clinton Anderson individually and as a member of the Lakeville Police Department requesting that Judge Robert J. Breunig be restrained from requiring the disclosure of the confidential informant.

The leading case concerning the disclosure of the identity of informants is *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In *Roviaro,* an informant was utilized to make a controlled purchase of drugs from defendant. Defendant's request for the identity of the informant was denied, defendant was convicted and an appeal ensued. On appeal the Supreme Court discussed both the need for the so-called informer's privilege and the fundamental requirement of fairness to the defendant. The Court concluded:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. 62, 77 S.Ct. 628, 1 L.Ed.2d 646.

This standard was most recently enunciated in Minnesota in *State v. Luciow,* 308 Minn. 6, 240 N.W.2d 833, 245 N.W.2d 235 (1976). *Luciow* was a case in which information obtained by police from an unidentified informant was used as the basis for the issuance of a search warrant. In the *Luciow* case, this court formulated an alternative to mandatory disclosure:

> "[If] [t]he trial judge * * * determine[s] that probable cause cannot be established in the absence of some disclosure–in camera or otherwise–regarding the informant's identity * * *

> "(i) The prosecution may refuse to make the ordered disclosure, in which case the trial judge should dismiss its case against the defendant * * *." 308 Minn. 18, 240 N.W.2d 841.

The advantage of this alternative is that it recognizes the legitimate interests of both the state and the defendant. The state may protect its sources but in that case the defendant will not be required to defend. In the instant case, the state chose not to reveal the informant's identity and to dismiss charges against McClure. The issue that confronts us here is whether in this later civil action, the plaintiffs may compel the state to disclose the informant's identity. Under the facts and circumstances, we answer that question in the negative.

Our ruling in *Luciow* was not meant to be used to prevent the vindication of one's civil rights through legal process. We have no doubt that there may be circumstances where the identity of an informant may be absolutely essential to the cause of the party seeking disclosure. However, it is equally true that the wholesale disclosure of the identities of confidential informants would seriously hamper the efforts of law enforcement agencies, particularly in the area of narcotics violations. This conflict between the individual's right to prepare his case and the need for effective law enforcement can only be resolved through a careful balancing process. *Roviaro v. United States, supra.* To be equitable and most justly meet the changing circumstances, a balancing test must, of necessity, be applied on a

case-by-case basis. In proceeding with such an analysis, care must be taken that our ruling in *Luciow* is not substantially weakened. Obviously in making such a determination, a court must consider the totality of the circumstances, including but not limited to the character of the allegedly false representations made in the affidavit, the importance of the informant's identity to the party seeking disclosure, the nature of the case and the need to protect the informant's anonymity.

In the instant case we do·not believe that the identity of the confidential informant was so essential to the just resolution of the action so as to overcome the strong policy enunciated in *Luciow*, allowing the authorities to maintain the informant's secrecy by dismissing the case. The plaintiff claims the identity of the informer is needed to establish a possible prejudice on the part of the informer which would bear on the informer's reliability. That claim is not a sufficient reason for disclosing the informant's identity.

The request of petitioners for a Writ of Prohibition is granted and the Writ is to be issued with the filing of this opinion.