**HIGH FOREST TRUCK STOP, INC., Respondent,**

v.

**LaCROSSE PETROLEUM EQUIPMENT CO., Appellant.**

No. C0–84–1464.

Court of Appeals of Minnesota.

March 19, 1985.

William L. French, Muir, Heuel & Carlson, Rochester, for respondent.

William J. Baudler, Baudler, Baudler & Maus, Austin, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals a judgment entered against it for the negligent removal and reinstallation of an underground fuel storage tank. Appellant claims the jury's finding that an equipment operator who dented the tank was appellant's agent is erroneous. Appellant also claims the jury's finding that appellant was 65 percent negligent in reinstalling the damaged tank is not supported by the evidence. We affirm.

### FACTS

This matter arises from the construction of respondent's Hiawathaland Truck Plaza in Winona County. Appellant was originally hired to oversee the installation of four underground fuel tanks by A.B. Systems, Inc. The fuel tanks were preliminarily installed by A.B. Systems the week before Memorial Day in 1978. A severe rainstorm occurred Memorial Day weekend causing three of the tanks to float out of position and the fourth to be trapped in mud. The floating tanks were easily removed, but the buried tank was more difficult.

A meeting was held between respondent's president, Clair Mrotek, appellant's president, Vernon Schrader, and a representative of A.B. Systems. At this meeting, Schrader agreed to assume direct responsibility for the removal and reinstallation of all four tanks. Schrader had over thirty years experience in installing fuel tanks.

Schrader supervised the removal of the four tanks. The stuck tank, a 12,000 gallon tank about twenty-five feet long and nine feet in diameter, remained stuck in the mud even after Schrader had the Nodine Fire Department spray water around it. Later, Donald Volkman arrived at Hiawathaland with a bulldozer to help remove the stuck tank. Volkman received instructions to push against the tank with the bulldozer to break it loose.

Volkman cut a ramp and drove the bulldozer into the hole. Watching for signals from someone on the bank above, Volkman began pushing with the bulldozer. The tank broke loose but was dented in the process. Volkman testified he was supervised the entire time he worked to remove the tank, and that it took approximately thirty minutes to make a ramp and push against the tank.

At trial six years later, Volkman did not remember who supervised him and did not recognize Schrader. Schrader was on the site at the time the tank was dislodged, but he testified he did not supervise Volkman. Schrader also testified that his company never received a bill from Volkman's employer, Winona Excavating Company.

Schrader did, however, telephone Mrotek and notify him of the dent. Schrader did not disclose the size or nature of the dent, which displaced about 500 gallons of the tank's capacity. Mrotek offered to purchase a new tank if necessary. Schrader

said he would test the tank and reinstall it if no leaks were discovered. Schrader tested the tank, using a method he conceded at trial to be inconclusive, and reinstalled the tank.

In January 1980, the fuel pumps drawing fuel from the damaged tank stopped working. The tank was uncovered and inspected. The inspector found one large dent on the tank's seams from which the tank was believed to be leaking. Respondent's cost of repairs was $1,518.67, and loss of fuel and other consequential damages totaled $10,866.00.

A jury answered special interrogatories at trial, finding appellant solely responsible for the dent in the tank and 65 percent responsible for respondent's consequential damages.

### ISSUES

1. Was the jury's finding that Volkman was acting as appellant's agent supported by the record?

2. Was the jury's finding that appellant was negligent in reinstalling the dented fuel tank supported by the record?

### ANALYSIS

1. *Standard of Review.*

■■■■■jury's answers to special interrogatories are seldom overturned.

> On review, an answer to a special verdict question will be set aside only if perverse and palpably contrary to the evidence, or where the evidence is so clear as to leave no room for differences among reasonable persons.

*Jacobs v. Rosemount Dodge-Winnebago South*, 310 N.W.2d 71, 76 (Minn.1981).

> In reviewing a jury verdict on appeal, this court considers the evidence in the light most favorable to the prevailing party, and the verdict will not be disturbed if the evidence reasonably tends to support it.

*Kuehl v. National Tea Company*, 310 Minn. 48, 50, 245 N.W.2d 235, 237 (1976).

2. *Agency Finding.*

■ The existence of an agency relationship is a fact question within the province of the jury. *See Jurek v. Thompson*, 308 Minn. 191, 197, 241 N.W.2d 788, 791 (1976). Agency is defined as:

> the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

*Id.* (quoting Restatement (Second) of Agency § 1 (1958)).

Appellant contends an agency relation between Schrader and Volkman did not exist because Schrader did not supervise Volkman. Appellant claims the record does not support the jury's finding because Schrader testified he did not supervise Volkman's work and Volkman did not remember who supervised the bulldozer operations. Respondent claims the jury was entitled to reject Schrader's testimony because it was contradicted by other evidence in the record.

■ The record shows Schrader assumed responsibility for removing the stuck tank early in the morning and was on the site until the tank was finally removed. Schrader claimed Volkman drove the bulldozer down to the tank and pushed it out without being asked or supervised. Volkman testified he was asked by whoever was trying to remove the tank to make a ramp and push it with the bulldozer. Since Schrader admitted supervising the removal of the tank, the jury could conclude Schrader was supervising if it accepted Volkman's account of what happened. The jury's finding was not "perverse or palpably contrary to the evidence." *Jacobs*, 310 N.W.2d at 76.

3. *Negligence in Reinstallation.*

■ The record supports the jury's finding that appellant was negligent in reinstalling the dented fuel tank. The tank was damaged, and the tests performed by appellant were admittedly inconclusive. Schrader was an expert with thirty years experience who respondent relied upon to

correctly reinstall the tank. Appellant breached its duty to respondent by failing to disclose the size and nature of the tank's damage. A jury could reasonably conclude that appellant attempted to bury its mistake.

### DECISION

The jury's findings were reasonably supported by the record.

Affirmed.