Myrtle HANZEL, Appellant,

v.

GOOD EARTH, INC., et al.,
Respondents.

No. C0-84-1741.

Court of Appeals of Minnesota.

July 16, 1985.

Loren M. Barta, New Prague, for appellant.

James D. O'Connor, Minneapolis, for respondents.

Heard, considered and decided by LESLIE, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

Appellant Myrtle Hanzel appeals from an order denying a motion for a new trial based on the district court's refusal to include a jury instruction on *res ipsa loquitur*.

Affirmed.

## FACTS

In April 1982, appellant-plaintiff Myrtle Hanzel sued Good Earth Restaurant for an injury she received as a result of biting into a walnut shell in a piece of carrot cake, served to her in the restaurant. A year later Hanzel amended her complaint to include two walnut distributors, Tochi Products and Bergin Wholesale Nut Co., and a California based walnut sheller, Ventura Walnut Shelling Co. In April 1984, Hanzel executed Perringer releases for $20,000, settling her claims against Good Earth Restaurant, Tochi Products and Bergin Nut Co. She continued her suit against Ventura.

After a trial in June 1984, the jury returned a verdict assigning 7% negligence to Hanzel and 93% negligence to Good Earth Restaurant. The jury awarded $21,079.49 damages. On July 2, 1984, Hanzel moved for JNOV, and in the alternative, for a new trial, based on the court's refusal to instruct the jury on *res ipsa loquitur*. The district court entered an order denying post-trial motions August 24, 1984, and entered judgment for Ventura on October 11, 1984. Hanzel appealed from the denial of her motion for a new trial September 24, 1984.

## ISSUE

Did the trial court err in denying Hanzel's motion for a new trial based on its refusal to instruct the jury on *res ipsa loquitur?*

## DISCUSSION

■ Jury instructions must be construed as a whole. Errors are fundamental if they "destroy the substantial correctness of the charge as a whole," cause a miscarriage of justice or result in substantial prejudice. *Lindstrom v. Yellow Taxi Co.,* 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). Granting a new trial rests in the discretion of the trial court; the decision will be reversed only for a clear abuse of that discretion. *City of Ogema v. Bevins,* 341 N.W.2d 298, 299 (Minn.Ct.App.1983). On an appeal from an order denying a motion for a new trial or for JNOV, the court must view the evidence in the light most favorable to the opposing party. *Hathaway v. Dale Movers, Inc.,* 283 Minn. 187, 190, 167 N.W.2d 32, 35 (1969).

■ Appellant Hanzel requested but was refused a jury instruction on *res ipsa loquitur.* Before Hanzel was entitled to submit her claim to a jury on this theory, she had to establish three things with regard to the injury producing event:

(1) That the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Spannaus v. Otolaryngology Clinic,* 308 Minn. 334, 337, 242 N.W.2d 594, 596 (1976).

Here, the injury causing event was the negligent inclusion of the walnut shell in the cake. Hanzel contends that it was the inclusion of the walnut shell in the box of walnuts, packaged by Ventura and eventually sold to Good Earth, which caused her injury. There is evidence in the record that a few nut shells, half the size of a dime (the size of the shell Hanzel testified caused her injury), in a box of shelled nuts is not uncommon; it is expected by retailers who purchase shelled walnuts.

The question, under Hanzel's theory, is whether Ventura's packaging of walnut shells was *res ipsa* negligence. Ventura passed federal inspection guidelines, which permit 5% (by weight) of shells to be in the lot of walnuts tested. The presence of a few shells in a box of shelled walnuts is the kind of event which ordinarily *does* occur even in the absence of someone's negligence. Hence, Hanzel failed to establish the first required element of the theory.

Hanzel's case also failed to establish the second element required to merit the *res ipsa* instruction. The supreme court ruled: "[w]hen the accident is due in part to the acts of a third party over whom the defendant has no control, the doctrine [*res ipsa*] is not applicable." *Fandel v. Parish of St. John the Evangelist,* 225 Minn. 77, 80, 29 N.W.2d 817, 819 (1947). Donna Sandstad, Good Earth's bakery manager, testified that she had to inspect for the presence of shells before baking, that her sight inspection before pouring nuts into a vat of batter was cursory, and that shells were better detected by touch.

The jury found that the accident was due in part to the acts of a third party over whom Ventura had no control. They held Good Earth 93% negligent in causing Hanzel's injury. The evidence in the record is sufficient to support this verdict. It cannot seriously be argued that had the court given the *res ipsa* instruction, the jury would have assigned no negligence to Good Earth. Hanzel failed to establish that the injury was caused by some agent within the exclusive control of Ventura.

Appellant urges us to adopt the California application of the *res ipsa* theory, articulated in *Ybarra v. Spangard,* 25 Cal.2d 486, 154 P.2d 687 (1944). *Ybarra* allowed the application of *res ipsa* where multiple defendants acted collectively and all possible causes of the injury were under their collective control, even though no single defendant had exclusive control.

No Minnesota case has yet adopted the California theory. Such a change in Minnesota law is more appropriately left to the supreme court.

Finally, the jury assessed Hanzel 7% negligent in causing her own injury, a fact which violates the third requirement for the *res ipsa* instruction. While it may be puzzling how a jury could assign negligence for merely eating cake, nonetheless, the court need not include the *res ipsa* instruction if *any* of the required elements is missing. Since Hanzel failed to establish the first two elements under Minnesota law, denying the instruction was not error. Moreover, in view of the Perringer release and the findings by the jury in the special verdict, the negligence finding against Hanzel is not crucial here.

### DECISION

We affirm the trial court's denial of Hanzel's motion for a new trial.

Affirmed.