Randall P. LEUER, Appellant,

v.

Todd A. JOHNSON, Kelin Leuer,
Respondents.

No. C7-89-1612.

Court of Appeals of Minnesota.

Jan. 16, 1990.

Review Denied March 16, 1990.

Thomas B. Olson, Edina, for Randall P. Leuer.

Robert E. Salmon, Meagher & Geer, Minneapolis, for Todd A. Johnson.

Kelin Leuer, Fridley, pro se.

Heard, considered and decided by KALITOWSKI, P.J., and HUSPENI and GARDEBRING, JJ.

## OPINION

HUSPENI, Judge.

Appellant was injured by a bullet fired by one of the two respondents; the tortfeasor could not be identified. Respondent moved for summary judgment in response to appellant's claims of res ipsa loquitur, joint enterprise, duty to warn and joint and several liability. This motion was granted. We affirm.

## FACTS

Appellant Randall Leuer, his brother respondent Kelin Leuer and respondent Todd Johnson went deer hunting in November, 1981. The men separated, having agreed to return to the car at the end of the day. After respondents returned to the car, they went to tell appellant they were ready to leave. Appellant, who had remained near the car, was pursuing a deer he believed he had wounded. As respondents approached him, they both thought they saw a deer and fired almost simultaneously. One of their bullets hit appellant. The bullet was never found; none of the three men knows who fired it. Appellant sued on the theories of res ipsa loquitur, joint enterprise, duty to warn, and joint and several liability. The trial court granted respondent Johnson's motions for summary judgment on each of the four theories.

## ISSUES

1. Is appellant entitled to argue the theory of res ipsa loquitur?

2. Is appellant entitled to argue the theory of joint enterprise?

3. Is appellant entitled to argue the theory of duty to warn?

4. Is there a basis for declaring respondents jointly and severally liable for appellant's injury?

## ANALYSIS

The standard of review for an appeal from summary judgment appears at *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979): this court can reverse only if there are genuine issues of material fact or if the trial court erred in its application of law. There are no issues of fact, so the application of the law to each of the four theories is the only question before this court.

### 1. *Res Ipsa Loquitur*

The three elements of res ipsa loquitur are that the event must not generally occur unless someone is negligent, must be caused by an instrumentality within the exclusive control of the defendant, and

must not have been due to any voluntary action or contribution of the plaintiff. *Spannaus v. Otolaryngology Clinic*, 308 Minn. 334, 337, 242 N.W.2d 594, 596 (1976). The danger inherent in hunting with high-powered rifles does not preclude the application of res ipsa loquitur to hunting injuries: they are held not to occur absent negligence. *Sutor v. Rogotzke*, 292 Minn. 224, 225, 194 N.W.2d 283, 284 (1972) (jury instruction stating that the fact that a hunting accident occurred was not evidence of negligence held to be "a misleading statement of the law").

However, *Sutor* involved only one defendant and only one gun; therefore, the exclusive control element of res ipsa loquitur was met. This case involves two hunters, one of them innocent and the other a tortfeasor. A California case with similar facts, *Summers v. Tice*, 33 Cal.2d 80, 199 P.2d 1 (1948), involved a plaintiff hit with birdshot from the guns of one or both defendants. The *Summers* court found that

> a requirement that the burden of proof on [appellant] be shifted to [respondents] becomes manifest. * * * They brought about a situation where the negligence of one of them injured [appellant], hence it should rest with them each to absolve himself if he can.

*Id.*, 33 Cal.2d at 86, 199 P.2d at 4. This reasoning was derived from an earlier California case, *Ybarra v. Spangard*, 25 Cal.2d 486, 154 P.2d 687 (1944), which extended res ipsa loquitur to a plaintiff who had been injured while unconscious on the operating table by an unidentifiable instrumentality in the control of an unidentifiable tortfeasor.

> If the doctrine is to continue to serve a useful purpose, we should not forget that "the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

*Id.,* 25 Cal.2d at 490, 154 P.2d at 689. This passage is quoted in *Summers* as the basis for its application of res ipsa loquitur when exclusive control of the instrumentality by a specific defendant could not be established.

*Ybarra* has been the subject of frequent comment for the appellate courts of this state, particularly in malpractice cases. It was distinguished in *Wallstedt v. Swedish Hospital,* 220 Minn. 274, 281–82, 19 N.W.2d 426, 429–430 (1945) on the grounds that the *Ybarra* plaintiff's injury had no possible cause other than someone's negligence, while the injury to the *Wallstedt* plaintiff "could have been the result of one of several causes." *Wallstedt,* 220 Minn. at 282, 19 N.W.2d at 430. This distinction was repeated in *Miller v. Raaen,* 273 Minn. 109, 118–19, 139 N.W.2d 877, 883 (1966). *Ybarra* was also cited in support of the application of res ipsa loquitur to medical malpractice cases in *Jensen v. Linner,* 260 Minn. 22, 42–43 n. 3, 108 N.W.2d 705, 718 n. 3 (1961).

The plaintiff in *Spannaus* urged the court to adopt the "California rule" derived from *Ybarra,*

> allowing application of the res ipsa loquitur doctrine where multiple defendants have acted collectively and all possible causes of the alleged injury were under the exclusive control of the defendants collectively, even though no single defendant may have had such exclusive control.

*Spannaus,* 308 Minn. at 337, 242 N.W.2d at 597. The *Spannaus* court did not address the issue stating:

> We do not reach the issue of whether the *Ybarra* rule should be adopted in Minnesota, since Spannaus' case does not even meet the liberalized prerequisites for the application of res ipsa loquitur which were set forth in *Ybarra.*

*Id.,* 308 Minn. at 337, 242 N.W.2d at 597. *Spannaus* nevertheless distinguished *Ybarra* on the grounds that "[o]ne of the possible causes for [plaintiff's] injury was not under the exclusive control of the named defendants collectively." *Id.,* 308 Minn. at 337–38, 242 N.W.2d at 597.

The next case to urge Minnesota's adoption of *Ybarra* was not a medical case: the appellant in *Hanzel v. Good Earth Inc.,* 371 N.W.2d 72 (Minn.Ct.App.1985) was injured by biting into a walnut shell. This court responded to appellant's arguing of the *Ybarra* rule by observing that:

> No Minnesota case has yet adopted the California theory. Such a change in Minnesota law is more appropriately left to the supreme court.

*Hanzel,* 371 N.W.2d at 75. Notwithstanding this observation, this court did adopt *Ybarra* in another medical malpractice case, *Hoven v. Rice Memorial Hospital,* 386 N.W.2d 752 (Minn.Ct.App.1986). That opinion distinguished *Hanzel* on the facts, and concluded by saying,

> In the present case, * * * we must decide whether to follow the majority of jurisdictions which have adopted the *Ybarra* rule. Because we agree with the rationale of those cases, we hold that the trial court erred.

*Hoven,* 386 N.W.2d at 757. However, the supreme court explicitly rejected the *Ybarra* rule when it overturned this decision in *Hoven v. Rice Memorial Hospital,* 396 N.W.2d 569 (Minn.1986), stating the court of appeals had based its decision

> on the almost absolute liability of the modified res ipsa loquitur doctrine applied by the California Supreme Court. * * * Adoption of that analysis would put the burden on defendants to show how plaintiff's injury occurred and that the injury was caused by no negligence on the part of any team member—in most cases creating what would amount to absolute liability.

*Hoven,* 396 N.W.2d at 572–73.

The facts here are similar to those in *Summers.* However, because the *Summers* decision had as its basis *Ybarra,* and because *Ybarra* has been consistently rejected by the Minnesota Supreme Court, we must reject *Summers* as well.

We note, however, that *Summers* was cited in *Mahowald v. Minnesota Gas Company,* 344 N.W.2d 856 (Minn.1984), as an example of

shift[ing] the burden of proof where the plaintiff was blameless but the instrumentality causing the harm could not be readily identified or was not exclusively in control of a charged defendant, although the person charged was responsible to see the instrumentality was not negligently used so as to cause harm to others.

*Mahowald*, 344 N.W.2d at 863. The *Mahowald* decision addressed gas company liability specifically, and its sole application has been in another gas company case, *Spinett, Inc. v. Peoples Natural Gas Company*, 385 N.W.2d 834 (Minn.Ct.App.1986). Furthermore, although *Mahowald* cited *Summers*, *Mahowald* did not follow the holding of *Summers*. In any event, Minnesota's rejection of *Ybarra*, on which *Summers* is based, must be interpreted to weaken further any reliance formerly placed upon *Summers*. We conclude that the burden of proving each respondent's liability remains with appellant. Appellant cannot meet that burden here, because the instrumentality which caused the harm cannot be identified, and therefore it is impossible to determine who was in control of that instrumentality.

■ Because the doctrine of res ipsa loquitur cannot be invoked unless all three of its elements are present, appellant's inability to establish the second element of "exclusive control" renders moot the question of whether his conduct contributed to the accident. Although the trial court found that appellant's conduct was a partial cause of his injury, we need not address that issue. The trial court correctly granted summary judgment on the res ipsa loquitur claim after determining that neither the instrumentality causing the accident nor the controller of that instrumentality could be identified.

### 2. *Joint Enterprise*

■ The two elements of vicarious liability under joint enterprise are set out in another hunting case, *Delgado v. Lohmar*, 289 N.W.2d 479, 482 (Minn.1979):

(1) a mutual understanding for a common purpose, and (2) a right to a voice in the direction and control of the means used to carry out the common purpose.

The *Delgado* holding renders it virtually impossible for joint enterprise to be found in a hunting expedition, since

the shotgun of each defendant [is] at all times under the independent care, custody and control of its owner. Each hunter [is] confronted with his own split-second decisions as to whether or not to shoot.

*Delgado*, 289 N.W.2d at 483. The trial court correctly found no joint enterprise here.

### 3. *Duty to Warn*

■ Appellant argues that duty to warn is a question of fact, and therefore not appropriate for summary judgment. *Gabrielson v. Warnemunde*, 443 N.W.2d 540, 543 n. 1 (Minn.1989) examines the roles of the jury and the court:

It is not, however, the jury's function to determine whether the facts give rise to a duty. Rather the jury's role is to resolve disputed facts, upon which the court then determines whether a duty of care exists.

It is undisputed that each man saw the other two shortly before the accident. Given this fact, the trial court appropriately determined that there was no duty to warn.

### 4. *Joint and Several Liability*

■ Had any of the other three theories advanced by appellant been viable, joint and several liability would have resulted. However, here there is a single tortfeasor: only one bullet struck appellant. The trial court correctly declined to impose joint and several liability.

### DECISION

Appellant's claim of res ipsa loquitur fails because Minnesota's rejection of the *Ybarra* rule requires that appellant bear the burden of proving respondent's exclusive control of the instrumentality and appellant cannot meet that burden under the facts of this case. Appellant's claim of joint enterprise fails because there was no common control of an instrumentality to

achieve a common purpose; his claim of duty to warn fails because warnings would have been superfluous; and his claim of joint and several liability fails because there was only one tortfeasor. The trial court's grant of respondent's motion for summary judgment is therefore affirmed.

Affirmed.